The State *v.* Kates.

---

THE STATE *v.* KATES.

[No. 18,320.   Filed Nov. 23, 1897.]

CRIMINAL LAW.—*Reenactment of Statute Not a Repeal of Statute.*— An amendatory statute, defining an offense and fixing the penalty for violation thereof in substantially the same language as that employed in the statute it amends, is not a repeal but a reenactment of the statute, and does not deprive the State of the right to prosecute for an offense committed before the act became effective.

From the Greene Circuit Court.  *Reversed.*

*W. A. Ketcham,* Attorney-General, *Merrill Moores, C. D. Hunt* and *W. H. Bridwell,* for State.

*Short & Riddle,* for appellee.

HOWARD, C. J.—The court quashed an indictment charging that appellee had been guilty of the crime of incest with his stepdaughter. No objection is made to the form or substance of the indictment; but it is contended that since appellee was indicted on February 26, 1897, under section 2076, Burns' R. S. 1894 (1990, R. S. 1881), and since this section of the statute was amended by the legislature March 6, 1897 (Acts 1897, p. 184), it therefore follows that the statute under which he was indicted was impliedly repealed by the amendatory statute, and that on April 26, 1897, when the ruling was made quashing the indictment, there remained no statute under which he could be convicted, and hence that the motion to quash was properly sustained. In other words, it is sought to uphold the ruling of the court by contending that the statute which defined appellee's crime and fixed its punishment was repealed by the amendatory statute which also defines the crime and fixes its punishment.

So much of section 2076, Burns' R. S. 1894 (1990, R. S. 1881), as defined appellee's crime and prescribed the punishment therefor, reads as follows: "If any stepfather shall have sexual intercourse with his stepdaughter, knowing her to be such; * * * he * * shall be deemed guilty of incest, and upon conviction thereof shall be imprisoned in the State prison not less than two nor more than five years, or may be imprisoned in the county jail not less than six nor more than twelve months."

The same provisions, word for word, are found repeated in the amendatory statute of March 6, 1897; and there was, therefore, no instant of time when the words above set out were not the law upon the subject.

The contention of appellee cannot be sustained. It is firmly established, by the decisions of this as well as other courts, that the reenactment of a statute, or

of a provision of a statute, is not a repeal of such statute or provision.

This question was quite fully considered, and the authorities cited and discussed in *Sage* v. *State*, 127 Ind. 15, also a criminal case. It was there said by Judge Elliott: "Principle forbids the conclusion that an amendatory statute defining an offense in substantially the same language as that employed in the statute it amends, takes away the right of the State to prosecute the offender and requires his unconditional discharge."

The question was again before the court in *Reynolds* v. *Bowen*, 138 Ind. 434, where the authorities were again reviewed and the same conclusion reached. It was there said, citing Sutherland, Stat. Con., sections 133, 134, 156, that "Even if there were an express repeal of the law in question, and at the same time, in the same statute which repealed it, a reenactment of the law repealed, the reenactment would so far neutralize the repeal as to keep the old law in force without interruption." Also citing *Moore* v. *Township of Kenockee*, 75 Mich. 332, that "Even where the repealing statute only substantially reenacts the law repealed, it is held that inchoate statutory rights accrued under the old law are not defeated." See, further, *Thomas* v. *Town of Butler*, 139 Ind. 245, at pp. 252, 253; *State* v. *Hardman*, 16 Ind. App, 357.

Judgment reversed with costs, and cause remanded for further proceedings.