# WORTH v. WHEATLEY.

[No. 22,545. Filed May 27, 1915. Rehearing denied October 14, 1915.]

1. EVIDENCE.—*Extradition Papers.—Denial of Execution.*—Section 370 Burns 1914, §364 R. S. 1881, requiring a party pleading a written instrument to prove its execution where the same is denied under the oath of his adversary, has no application to a requisition for the arrest and return of a fugitive from justice, or to the warrant of the Governor issued pursuant to such requisition. p. 603.

2. EXTRADITION.—*Recitals in Warrant.*—*Surplusage.*—The recital in a warrant issued by the Governor in compliance with a requisition for the arrest and return of a fugitive from another state, of the date of the enactment of the statute under which the Governor purported to act was superfluous, so that error in that respect did not render the warrant void. p. 604.

3. STATUTES.— *Repeal.*—*Reënactment.*— A later enactment which is the substantial equivalent of a prior one, in effect continues the prior act in force instead of repealing it. p. 604.

4. HABEAS CORPUS.—*Scope of Inquiry.*—*Extradition Proceedings.*— In a *habeas corpus* proceeding by a person under arrest pursuant to a requisition for his arrest and return to another state, the court can not consider the sufficiency of the indictment set out in the Governor's warrant from the standpoint of testing its sufficiency on a motion to quash, but if it is reasonably possible that the facts set out in such warrant would constitute the crime with which the accused is charged, further inquiry as to the sufficiency of the indictment is precluded. p. 605.

5. HABEAS CORPUS.— *Extradition Proceedings.*— *Evidence.*— While it is competent, in a *habeas corpus* proceeding, to avoid extradition under a requisition for the arrest and return of the accused to another state, for accused to show that he is not a fugitive from justice, where the presence of accused in the demanding state at the time of the commission of the alleged crime, and his subsequent leaving, is admitted, evidence as to his motive in leaving or as to knowledge of such leaving without objection by the authorities of such demanding state, is immaterial. p. 606.

6. COURTS.— *Rules of Decision.*— *United States Supreme Court.*— State courts are bound by the decisions of the Supreme Court of the United States in construing the constitutional provision and the act of Congress relative to the extradition of fugitives from justice. p. 606.

7. EXTRADITION.— *Proceedings on Requisition.*— *Delay in Delivering.*— *Payment of Costs.*—A requisition on the Governor of this State for the return of a fugitive to another state is not rendered void either by long delay on the part of the agent of the demanding state in presenting it to the Governor, or because the attorneys for such agent were employed and paid by the prosecuting witness and made the manual delivery of the requisition to the Governor in such agent's stead. p. 606.

8. HABEAS CORPUS.—*Extradition Proceedings.*—*Discretion of Governor.*—In a *habeas corpus* proceeding brought to contest the delivery of an alleged fugitive under a requisition for his return to another state, the question of whether the Governor might properly have considered the facts of long delay in presenting the requisition and that its manual delivery to him was made by

an attorney for the agent of the demanding state, employed and paid by the prosecuting witness, is not a matter for determination by the court.  p. 607.

9.  HABEAS CORPUS.—*Extradition Proceedings.*—*Evidence.*—*Motives of Officials.*—*Purpose of Prosecution.*—In a *habeas corpus* proceeding to contest the delivery of a fugitive under a requisition for his return to another state, evidence is inadmissible which is offered either to impeach the motives or good faith of the governor of either this or the demanding state, to show that the person at whose instance the indictment was procured was actuated by malice, or to show the guilt or innocence of the accused.  p. 607.

10.  EXTRADITION. — *Papers.* — *Interlineations.* — Where interlineations appeared on the certificates and papers annexed to a requisition for the arrest and return of a fugitive to another state, it must be presumed, in the absence of evidence to the contrary, that they were made either before or contemporaneously with the execution of such papers.  p. 610.

From Greene Circuit Court; *Thomas B. Buskirk*, Special Judge.

*Habeas corpus* proceeding by Walter P. Worth against L. Walter Wheatley. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William L. Slinkard, Roach & Ballard, Lamb, Beasley, Douthit & Crawford* and *Joseph A. Roach,* for appellant.

*James W. Noel* and *Hamill, Hickey & Evans,* for appellee.

MORRIS, J.—Verified complaint, by appellant, for a writ of *habeas corpus.* §1165 Burns 1914, §1108 R. S. 1881. Appellee filed a return to the writ in which it is averred that appellant is restrained by virtue of a warrant of the Governor of Indiana issued on the requisition of the governor of Arkansas for the return of appellant to that state as a fugitive from justice. Constitution U. S., §2, Art. 4, §5278 U. S. Comp. Stat. 1901. The return sets out a copy of the requisition of the Arkansas governor, and a copy of the warrant of the Governor of Indiana, and avers that the warrant was delivered to the sheriff of Greene County, who thereupon arrested appellant and forthwith took him before the judge of the Greene Circuit Court for

identification. §1894 Burns 1914, Acts 1905 p. 584, §27.
That after a hearing, it was ordered that appellant be de-
livered to appellee, the duly accredited agent of the state of
Arkansas, for return to that state, which order was obeyed
by the sheriff. A copy of an indictment against appellant
is set out in the requisition, as follows:

"Indictment."

State of Arkansas *v.* Walter Worth.

Garland Circuit Court. Indictment No. 1086.

The Grand Jury of Garland County, in the name and
by the authority of the State of Arkansas, accuse Wal-
ter Worth, of the crime of grand larceny committed as
follows, to wit: The said Walter Worth, in the County
and State aforesaid, on the 7th day of January, A. D.
1913, Twenty Thousand ($20,000.00) Dollars, *in paper*
*money of the value of Twenty Thousand ($20,000.00)*
*Dollars,* of the personal property, goods, chattels, and
moneys of one Frank P. Fox, then and there being
found, feloniously did steal, take and carry away,
against the peace and dignity of the State of Arkansas.
Gibson Witt, Prosecuting Attorney. (Endorsed on
Back): A True Bill, L. H. Barry, M. D., Foreman. In-
dictment for Grand Larceny. Frank P. Fox. Filed in
open court in the presence of all the Grand Jurors, this
1st day of April, 1913. A. G. Sullenberger, Clerk."

(Italics ours.) The warrant of the Governor of Indiana
purports to set out a copy of the indictment, as it appears
in the requisition, but omits the clause we have italicized.
The appellant replied to the return in a pleading of three
paragraphs, the first of which was a verified general denial.
The second alleges that the indictment, set out in the war-
rant, does not charge a crime, under the laws of Arkansas,
and, in support thereof sets out some statutory enactments
of that state. It also alleges that the requisition was never
delivered by the Arkansas executive to the Indiana
Governor; that it was retained in the control of Fox, prose-
cuting witness, at Terre Haute, Indiana, from April 9 to
August 22, 1913; that the requisition shows on the face
thereof, certain interlineations, and that the pretended cer-

tificate of the clerk of the circuit court of Garland County, Arkansas, accompanying the requisition, was not executed by said clerk and that the pretended certificate of the judge of said court, accompanying the requisition, was not executed by him.

The third paragraph avers that appellant, when arrested, and for twelve years prior thereto, was a *bona fide* resident of Greene County, Indiana; that his arrest was made pursuant to extradition proceedings, which were instituted and carried on by Frank P. Fox, through malicious motives; that in fact appellant did not flee from Arkansas, or leave that state with any purpose of avoiding prosecution there; that the indictment in Arkansas was maliciously procured by said Fox; that prior to January 2, 1913, said Fox obtained information that through a dishonest employe of the proprietors of a gambling resort called the ''Indiana Club'' at Hot Springs, Arkansas, he might fraudulently win large sums of money; that appellant, at Fox's request, accompanied him to Hot Springs; that in going, it was Fox's purpose to fraudulently and feloniously win large sums of money from the club; that appellant and Fox arrived at Hot Springs on January 3, 1913; that Fox immediately procured an agreement with the employe of the club by which, through certain manipulations of gambling devices, Fox might fraudulently obtain the club's money. This is followed by a detailed account of how Fox lost $20,000 in pursuing a scheme analogous to those employed in ''fake'' foot races, and counterfeit money purchases. It is further averred that on discovering that he had been swindled, Fox became angry and threatened the prosecution of the club proprietors unless they returned his money to him, and requested appellant to remain with him in Hot Springs and aid him in recovering his money; that appellant remained with Fox, as his guest, for twenty days; that Fox employed attorneys to assist him in recovering his money; that at Fox's request appellant gave his deposition in relation to what facts

he knew concerning the transaction; that about February 1, 1913, appellant desired to return to Indiana to look after private business, and did so in good faith, and with the knowledge and consent of Fox, his attorneys, the prosecuting attorney of Garland County, Arkansas, and of appellee, who was then deputy sheriff of that county; that all appellant's traveling expenses, including those of the return to Indiana, were paid by Fox; that when appellant left Arkansas no prosecution against him had been instituted; that afterwards, in March, 1913, appellant accompanied Fox to Springfield, Illinois, and assisted him in procuring the extradition of one Ward, who was alleged to have participated in the gambling transaction, and thereupon with Fox's knowledge and consent returned to Indiana; that later, in March, 1913, Fox requested appellant to return to Hot Springs the first week in April, 1913, to testify before the grand jury; that appellant refused because it was necessary for him to look after his private business in Indiana; that Fox became angry at such refusal and threatened to compel appellant to appear before the grand jury; that thereafter Fox appeared before the grand jury and maliciously procured the indictment in controversy. Many other facts are pleaded in the paragraph to show that Fox, in procuring the indictment and requisition, was actuated by malice toward appellant.

There was a trial, finding and judgment for appellee. The error assigned here is the overruling of appellant's motion for a new trial.

The requisition and warrant were admitted in evidence, over appellant's objection, without extraneous evidence of the execution thereof by the respective governors.

1. Appellant asserts reversible error in such action, because of his "plea of *non est factum*". There was no error. Our statute (§370 Burns 1914, §364 R. S. 1881), which requires a party pleading a written instrument to prove its execution where the same is denied under the oath

of his adversary, has no application to instruments of this character. *Pittsburgh, etc., R. Co. v. Macy* (1915), 59 Ind.

2. App. 125, 107 N. E. 486. The warrant recites that it is executed "in accordance with the requirements of the Constitution and laws of the United States, and of an act of the General Assembly approved February 27, 1897." Appellant claims that because the act of 1897 in relation to the arrest and surrender of fugitives from justice from other states (Acts 1897 p. 38) was superseded by the act of 1905 in relation to the same subject-matter (Acts 1905 p. 584, §26, §1893 Burns 1914) the warrant of the Governor of Indiana was void because executed pursuant to a statute that had been repealed We cannot adopt this view. The recital of the date of the enactment of the statute under which the Governor purported to act was superfluous, and consequently an error in the recital was immaterial.

3. Besides, §1893 Burns 1914, *supra*, is the substantial equivalent of §1 of the act of 1897 (§1669 Burns 1901) in so far as it relates to the Governor's duties, and it has been held that in such case the first enactment is not repealed, but, in effect, is continued in force. *State v. Kates* (1897), 149 Ind. 46, 48 N. E. 365, and authorities cited.

It is contended that the indictment, as copied in the warrant, does not charge the crime of larceny under the laws of Arkansas, because of the failure therein to describe the $20,000 stolen, or to aver that it had any value. Appellee seeks to meet this contention, with the following propositions: (1) the purported copy of the indictment, found in the warrant, is surplusage; (2) the absence from the warrant, of the clause we have italicized in the requisition is obviously the result of a clerical error of the secretary of state of Indiana, and should be disregarded; (3) the Arkansas statutes pleaded by appellant to show the insufficiency of the indictment were not offered in evidence; (4) the requisition certifies that the transaction averred in the .

indictment constituted the crime of larceny under the laws of Arkansas, and this was sufficient; (5) the indictment, as set out in the warrant, charges the crime of larceny under Indiana laws, and, under the facts disclosed by the record, this court cannot say that it fails to charge such crime under the laws of Arkansas. No evidence was offered by appellant in relation to the laws of Arkansas, concerning larceny. The acting governor of that state certifies that the indictment set out in the requisition charges the crime of grand larceny.

It must be remembered that here we are dealing with the summary process of *habeas corpus*. In such collateral proceeding the courts of this State cannot consider the indictment from the standpoint of testing its sufficiency on a motion to quash. Such question is for the determination of the courts of the demanding state. *Pierce* v. *Creecy* (1908), 210 U. S. 387, 52 L. Ed. 1113, 28 Sup. Ct. 714. In *Drew* v. *Thaw* (1914), 235 U. S. 432, 35 Sup. Ct. 137, 59 L. Ed. 302, in reversing an order of the United States Court for the district of New Hampshire, discharging Harry K. Thaw on a writ of *habeas corpus* (*Ex parte Thaw* [1914], 214 Fed. 423), it was held that an indictment by a New York grand jury, for what it and the governor of New York allege to be a crime against that state, coupled with "the reasonable possibility that it may be such" preclude further inquiry on the subject, in a *habeas corpus* proceeding. The facts averred in the indictment, as set out in the warrant, would charge the crime of grand larceny in Indiana, and it is reasonably possible that they charge such crime under Arkansas laws. We are of the opinion that for the reasons stated, appellant's contention should not prevail, and it is unnecessary to consider the other propositions urged by appellee.

The court rejected much evidence offered by appellant to show his motive and purpose in leaving the state of Arkansas, and that his leaving was with the consent of the

Arkansas authorities, and error is predicated on such action. It is conceded that appellant was in Arkansas when the alleged crime was committed, and was in Indiana when the requisition was issued.

State courts are bound by the decisions of the Supreme Court of the United States in construing this constitutional provision and act of Congress passed in pursuance thereof. In recent years that court has held by uniform decisions that while it is competent for a complainant seeking a discharge by writ of *habeas corpus* to show that he was not a fugitive, his motive or purpose in leaving the demanding state, or the knowledge of such leaving without objection, on the part of the authorities of such state, is immaterial; that his return is required if he was within the state when the alleged crime was committed and afterwards left it. *Appleyard* v. *Massachusetts* (1906), 203 U. S. 222, 27 Sup. Ct. 122, 51 L. Ed. 161, 7 Ann. Cas. 1073, note; *Bassing* v. *Cady* (1908), 208 U. S. 386, 28 Sup. Ct. 392, 52 L. Ed. 540, 13 Ann. Cas. 905, note; *Illinois* v. *Pease* (1907), 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121, and authorities cited. As the facts are conceded, which rendered appellant a fugitive under the above decisions, there was no error in excluding the offered evidence.

The requisition, dated April 4, 1913, recites the appointment of appellee as agent of Arkansas to receive appellant and convey him to that state. The evidence shows that Wheatley took the requisition to the city of Indianapolis in April, 1913; that he stayed there two weeks, but at that time did not present it to the Governor; that on leaving Indianapolis he delivered the requisition to M. C. Hamill, a lawyer of Terre Haute, Indiana; that he then returned to Arkansas and stayed there until August 22, 1913, when he came back to Indiana; that Hamill then returned the requisition to him, and he and Hamill went to the Governor's office together where he handed the requisition to Hamill who presented it to the Governor. The lat-

ter's warrant is dated August 26, 1913. Hamill is an attorney of record for appellee. The evidence further shows that Fox employed and paid appellee's attorneys and has advanced money for appellee's expenses, as agent, but expects to be reimbursed for the latter by the State of Arkansas. Appellant claims that, under such evidence, he should have been discharged, because as contended, it is shown that the requisition was not delivered to the Indiana executive by Wheatley but by Fox, through his attorneys, and was held by Fox, through his attorneys, from April 4 to August 26, 1913. The requisition was not invalidated by delay in presenting it to Indiana's Governor. *Dennison v. Christian* (1904), 72 Neb. 703, 101 N. W. 1045, 117 Am. St. 817, affirmed in *Dennison v. Christian* (1905), 196 U. S. 637, 25 Sup. Ct. 795, 49 L. Ed. 630; *State v. Clough* (1902), 71 N. H. 594, 53 Atl. 1086. Nor was it rendered void because the alleged injured party employed and paid for the services of the attorneys of appellee. In the absence of statutory provision by the demanding state for the payment of the agent's expenses and counsel fees, they must usually be paid by the injured party, or the attempted return of

8.  the fugitive may fail. That Hamill, instead of Wheatley, made the manual delivery of the requisition to the Governor presents no question of merit. Whether the Governor of Indiana might properly have taken these facts in consideration in exercising whatever discretion he possessed in regard to the execution of the warrant, presents no question for the consideration of this court. *In re Sultan* (1894), 115 N. C. 57, 20 S. E. 375, 44 Am. St. 433, 28 L. R. A. 294; *Dennison v. Christian, supra.*

The trial court rejected evidence offered by appellant to show that Fox went to Hot Springs with the purpose of bribing the operator of the gambling device to permit

9.  him to "rob" the proprietors of the gambling resort.

It also rejected other evidence, offered to show that Fox lost his money while pursuing this fraudulent purpose,

and, that he was a gambler of bad repute; that he became angered because appellant refused to return at a certain time to testify before the Arkansas grand jury. From such and other rejected evidence, it appears to be appellant's theory that the trial court might have inferred that the prosecution was instituted through the efforts of Fox, and that his purpose was rather to recover his money than assist, in good faith, in the prosecution. It appears also to be the theory of appellant that the trial court might have inferred from the rejected evidence if admitted, that Fox voluntarily parted with the title to his money and that the crime, if any, was obtaining money by false pretense, and not larceny. *Roberts* v. *State* (1914), 181 Ind. 520, 104 N. E. 970. We do not understand that appellant, by the offered evidence, sought to impeach the motives or good faith of either governor. For such purpose it was not competent. *Pettibone* v. *Nichols* (1906), 203 U. S. 192, 27 Sup. Ct. 111, 51 L. Ed. 148, 7 Ann. Cas. 1047. Appellant assumes that the rejected evidence would have proved that Fox was active in procuring the return of the indictment and that his conduct was actuated by malicious motives and inspired by his desire to recover his lost money; that therefore he did not act in good faith and in fact imposed on each of the governors, and because thereof appellant was entitled to a discharge.

It is well settled that in such collateral proceeding as this no inquiry is permissible relating to the question of guilt or innocence of the crime charged. *Drew* v. *Thaw, supra.* Had the rejected evidence any other purpose? In *Flower* v. *Superintendent of Prison* (1908), 220 Pa. St. 401, 69 Atl. 916, 21 L. R. A. (N. S.) 939, the Pennsylvania supreme court answered a like question in the negative, and in the course of its opinion said: "If the court on *habeas corpus* inquires into the merits of the charge against the prisoner or into the motives which inspired the prosecution in the demanding state, it exceeds its authority * * *. The only

possible effect of permitting the motives of the private
prosecutor to be shown on a *habeas corpus* extradition pro-
ceeding would be to show the guilt or innocence of the ac-
cused.   If a person is guilty of an offense against the laws
of a state, it is no defense for him to allege that the prose-
cution was inspired by improper motives.   It very fre-
quently happens that criminals are brought to punishment
only by persons who have motives other than the vindica-
tion of the violated law; but it has never been held that
such reason was sufficient to invalidate a conviction for a
criminal offense.   *   *   *   Nor is it material that the relator
alleges that the private prosecutor, instituting the criminal
proceedings in New York, was inspired by malicious or other-
wise improper motives.   The prosecution is by the state of
New York.   The indictment alleges that a crime has been
committed against the laws of that state, and demands the
return of the relator to the state that he may be tried for
the offense committed.   The governor of the state of New
York in making the requisition acts for the state, and not for
the private prosecutor, and it has not been shown, and does
not appear, that his action or that of the executive of this
state, who issued the warrant for the relator's arrest, is not in
good faith and for the purpose of the extradition of a person
*bona fide* accused of a crime in the state of New York.
*   *   *   His sole pretense for demanding a release from ar-
rest and return to New York on the extradition warrant, as
shown by his offers of evidence, is that the prosecution was
not made in good faith and is for the purpose of collecting
a debt.   Conceding this allegation to be true, it simply goes
to his guilt or innocence, and he manifestly must have that
question adjudicated in the courts of the state against whose
laws the crime is alleged to have been committed.''

We are constrained to hold that the offered evidence was
properly rejected.   Even if some of it might have a tend-
ency to show that Fox voluntarily parted with the title to

his money, that question was properly for the determination of the Arkansas courts on the trial of appellant's guilt or innocence. This court in *Crum* v. *State* (1897), 148 Ind. 401, 47 N. E. 833, held that a transaction constituted larceny rather than false pretense, where the prosecuting witness lost his money in a scheme to purchase counterfeit money.

On some of the certificates and papers annexed to the requisition there appeared interlineations. There was no evidence that they were made after the execution of the instruments, and the presumption is that they were made before, or contemporaneous with the execution thereof, unless, on the face thereof there appeared something calculated to arouse reasonable suspicion. *Insurance Co.* v. *Brim* (1887), 111 Ind. 281, 12 N. E. 315. The trial court found for appellee on this issue and there is nothing in the evidence to warrant any interference with the finding.

Other minor questions are discussed but they present no reversible error. Judgment affirmed.

NOTE.—Reported in 108 N. E. 958. As to *habeas corpus* to obtain discharge of person claimed in extradition proceedings, see 100 Am. St. 36. As to *habeas corpus* to review extradition proceedings, see 21 L. R. A. (N. S.) 939. When decision of the United States Supreme Court is not binding on state court, see Ann. Cas. 1913 E 281. See, also, under (1) 19 Cyc. 89; (2) 19 Cyc. 93; (3) 36 Cyc. 1084; (4, 9) 21 Cyc. 328; (5) 21 Cyc. 328, 322; (6) 11 Cyc. 752; (8) 19 Cyc. 100, 91; (10) 2 C. J. 1275; 2 Cyc. 239.