HOLLE ET AL. *v.* DRUDGE ET AL.

[No. 23,454.   Filed December 16, 1920.   Rehearing denied May 10, 1921.]

1. STATUTES.— *Construction.— Contemporaneous Enactments on Same Subject.—Drainage.—*The statute (§6162 *et seq.* Burns 1914, Acts 1905 p. 447,) making it a misdemeanor to cut a drain through "any fresh-water lake" and the statute (Acts 1905 p. 456, §4) forbidding any public drain to be so located as to lower the water level of "any lake covering ten acres or more of ground," having been enacted at the same session of the legislature and approved on the same day, should be construed together as parts of one body of laws, and as together expressing the legislative will.   p. 524.

2. STATUTES.—*Construction.—Acts Passed at Same Session of Legislature.—Conflict.—*An act, having taken effect fifty days later than an act relating to the same subject passed at the

same session of the legislature, will be deemed the latest expression of the legislative will, in so far as there is an irreconcilable conflict between the two. p. 524.

3. STATUTES.—*Repeal.—Re-enactment.*—The mere enactment of an act in exactly the same language of a provision of a prior act does not operate to repeal, change or modify the law as previously declared by the language thus re-enacted. p. 525.

4. DRAINS.—*Drainage of Fresh-Water Lakes.—Statutes.—Construction.*—By the provision contained in §6 of Acts 1905 p. 447, §6162 *et seq.* Burns 1914, imposing a penalty for draining any lake, to the effect that the act should not supersede or affect any law passed at the same session of the legislature, such act was made to adopt the interpretation found in Acts 1905 p. 456, §4, that a "lake covering ten acres or more of ground" was meant by the words "fresh-water lake," where used in §1, Acts 1905 p. 447, *supra,* in forbidding the drainage of any such lake; and the legislative intent so expressed was not repealed or changed by Acts 1907 p. 508, §6142 *et seq.* Burns 1914, so that the legislative prohibition as to constructing drains through or near fresh-water lakes does not apply to a body of water covering less than ten acres even though it has been called a lake. p. 525.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Drainage proceedings on the petition of Ephriam Drudge and others, in which William Holle and others filed remonstrances. From a judgment for petitioners, the remonstrators appeal. *Affirmed.*

*John A. Kersey, Frank O. Switzer* and *Walter S. Bent,* for appellants.

*D. F. Brooks,* for appellees.

EWBANK, J.—This case presents for decision the single question whether a circuit court can acquire or have jurisdiction to order the construction of a public ditch or drain extending through. or so close to a natural, fresh-water body of water known in the neighborhood as a "lake," as to lower its water level,. where such "lake" covers less than ten acres of ground. That question is presented by the record in several different

ways, but no other question is presented, or is argued by counsel for the appellants.

The appellees filed a petition for the construction of a public tiled drain, 6,100 feet long. As laid out by the drainage commissioners, about midway of its length, the tile drain was made to pass into and through "Meeks Lake," at a depth of more than four feet below where the surface of the water usually stood. The undisputed evidence showed that, at ordinary stages of the water, Meeks Lake covered from six to eight acres of ground; but there was no evidence that it ever covered more than eight acres. It was a natural body of water, fed by springs and by the flow from a depression between low banks along which the proposed tile drain was laid out. Appellants' contention is that "the lake in question is a fresh-water lake of the State of Indiana," and that it is unlawful to establish or construct a drain through or within forty rods of "any fresh-water lake," so as to lower its water line.

At the sixty-fourth session of the legislature of Indiana, in 1905, two acts were passed, each forbidding the drainage of certain fresh-water lakes, as therein stated. Both of these acts were approved on the same day, March 6, 1905. But one of them contained an emergency clause, and was in force from the date of its approval, while the other did not take effect until the Governor issued his proclamation, on April 15, 1905. The first, which took effect immediately, reads in part as follows:

"Whereas, it is desirable to preserve the fresh water lakes of the State of Indiana at their established water level and to protect them from danger of being injuriously affected or destroyed by the lowering of the waters thereof by any drains or ditches.

"Section 1. Be it enacted by the general assembly of the State of Indiana, That it shall be unlawful for any

person or persons, firm or corporation, to locate, dig, make, dredge, or in any manner construct, or for any court, or board of commissioners, or body of viewers or drainage commissioners, to order or recommend the location, establishment or construction of any ditch or drain cutting into or through, or upon the line of any fresh-water lake or lakes in the State of Indiana, or to locate, dig, make, dredge or in any way construct any ditch or drain, having a bottom depth lower than the present water line of such lake, within forty rods of any point on the line of such lake where the line or any portion thereof is known or ascertainable; or in case such line or any part thereof is lost and cannot be ascertained, within forty rods from high water mark on the margin of such lake, such high water mark to be the highest point on such margin to which such water has arisen within the ten years last past.     *     *     *."

Section 4 imposes a penalty of a fine and imprisonment for violating the provisions of the act.

"Section 6.   This act shall not supersede or affect any law passed at this sixty-fourth session of the general assembly.

"Section 7.   Whereas an emergency exists for the immediate taking effect of this act, the same shall be in force from and after its passage."   Acts 1905 p. 477, §6162 *et seq.* Burns 1914.

The other was "An act concerning drainage," which in the fourteen sections thereof outlined a complete system of procuring the drainage of farm lands, public highways and public school grounds, by action of the circuit court or board of commissioners, upon the petition of landowners, and repealed all laws previously enacted "in relation to drainage," with certain specified exceptions, but did not declare an emergency.   The repealing section contained a proviso, as follows:   "Provided, further, that such repeal shall not affect or be

construed to repeal any other act upon the subject of drainage passed by the present general assembly." Acts 1905 p. 456.

The fourth section of this statute also contained a proviso, reading as follows: "Provided, that such drain shall not be located so close to any lake covering ten acres or more of ground as to lower the water level of the lake, and shall at no point be nearer than forty rods to the high water mark of such lake, 'excepting only where such drains empty into such lakes.'" Acts 1905 p. 456.

Two years later a new statute was enacted, covering the same subject of drainage, with the addition of a number of sections covering the related subjects of issuing bonds to pay for the construction of public drains, and the cleaning and repair of such drains, in the third section of which the language last above quoted was re-enacted *verbatim et literatim*. Acts 1907 p. 508, §6142 *et seq.* Burns 1914.

Section 21 of the latter act provided that all prior drainage laws were repealed, except that proceedings commenced under the act of 1905 should "be concluded and determined in accordance with all the provisions of said act." And §22, Acts 1907 p. 508, §6168 Burns 1914, provided that the act should not repeal the chapter 152, Acts 1905 p. 447, *supra*, but should be supplemental thereto.

Both the statute making it a misdemeanor to cut a drain through "any fresh-water lake" (Acts 1905 p. 447, *supra*) and the one forbidding any public 1-2. drain to be so located as to lower the water level of "any lake covering ten acres or more of ground" (Acts 1905 p. 456) having been enacted at the same session of the legislature and approved on the same day, it is proper to construe them together, as parts of one body of laws, and as together expressing

the legislative will. *State, ex rel.* v. *Graham* (1915), 183 Ind. 53, 57, 108 N. E. 111; *Board, etc.* v. *State, ex rel.* (1916), 184 Ind. 418, 420, 111 N. E. 417; *Cummins* v. *Pence* (1910), 174 Ind. 115, 124, 91 N. E. 529. And the latter act (chapter 157) having taken effect fifty days later than the other (chapter 152) would be deemed the latest expression of the legislative will, in so far, if at all, as there was an irreconcilable conflict between the two. *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205, 217; *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 595, 621, 85 N. E. 513.

3. And the mere enactment in the act concerning drainage of 1907 (chapter 252), *supra,* in exactly the same language, of a provision contained in the act concerning drainage of 1905 (chapter 157), *supra,* did not operate to repeal, change or modify the law as previously declared by the language thus reenacted. *Worth* v. *Wheatley* (1915), 183 Ind. 598, 604, 108 N. E. 958; *State* v. *Kates* (1897), 149 Ind. 46, 48 N. E. 365; *Collins Coal Co.* v. *Hadley* (1905), 38 Ind. App. 637, 648, 75 N. E. 832, 78 N. E. 353.

4. By the provision contained in §6 of the act, (Acts 1905 p. 447, *supra*) which imposes a penalty for draining any lake to the effect that said act should not supersede or affect any law passed at the same session, said act was made to adopt the interpretation found in the other statute (§4, Acts 1905 p. 456) that a "lake covering ten acres or more of ground" was meant by the words "fresh-water lake," where they are used in forbidding the drainage of any such lake (§1, Acts 1905 p. 447, *supra*). And we hold that the legislative intent so expressed was not repealed or changed by the acts of 1907, *supra.*

The trial court correctly decided that the legislative prohibition against establishing or constructing a ditch or drain through or near any fresh-water lake below the

existing water line of such lake, does not apply unless the lake covers ten acres or more of ground, and has no application to a body of water covering not more than eight acres, even though it has been called a lake.

The judgment of the trial court is affirmed with costs.