THOMPSON ET AL. *v.* MOSSBURG ET AL.

[No. 23,741.   Filed May 9, 1923.   Rehearing denied November 1, 1923.]

1. DRAINS.—*Remonstrance for Cause.*—*Verification Necessary.* —*Statute.*—A remonstrance for cause, under the express provision of §6143 Burns 1914, Acts 1907 p. 508, §4, amended Acts 1917 p. 292, §6143 Burns' Supp. 1921, must be verified, or it is subject to a motion to strike out. p. 570.

2. DRAINS.—*Remonstrance for Cause.*—*Verification Necessary.* —*Statute.*—An unverified remonstrance for cause cannot be upheld on the theory that it is· a plea in abatement on the ground of defect of·parties, since the statute (§371 Burns 1914, §365 R. S. 1881) requires à plea in abatement to be verified. p. 570.

3. MOTIONS. — *Sufficiency.* — *Verification.* — *When Necessary.* — *Form of Ruling Immaterial.*—A motion asking relief because of facts not apparent on the face of the record must set out facts affirmatively showing the moving party entitled to relief and be verified, and must also show diligence on the part of the mover, or it may be overruled without error, and the form of the. ruling rejecting it would be immaterial. p. 571.

4. MOTIONS. — *Dilatory Character.* — *Unverified.* — *Court not Bound by Facts Stated.*—The court is not bound to accept as true the statements of facts in an unverified motion of a dilatory character where, to sustain it, would be to undo all that had been done in the cause in more than a year. p. 571.

5. DRAINS.—*"Two-thirds ˙Remonstrance."*—*Time of Filing.*— Under the drainage statute as it existed in 1918 and 1919, only twenty days, exclusive of Sundays, from the day set for docketing a petition were allowed for filing a "two-thirds remonstrance," and the amendment of the statute (§6142 Burns 1914) in 1919, (Acts 1919 p. 433) by inserting two provisos purporting to authorize the construction of drains and laterals extending through lakes in certain counties, but declaring that it should be supplemental to the act of 1905 for the preservation of fresh water lakes, and should not repeal nor affect that act except

as expressly provided, nor repeal any law enacted at the session of 1919, did not affect the existing law as to the time of filing such remonstrances. p. 572.

6. STATUTES. — *Amendment.* — *Constitutional Requirement.* — Under the requirement of the State Constitution, a statute can only be amended by setting forth at full length the statute as amended. p. 573.

7. STATUTES.—*Reenactment with Amendment.*—The reenactment of an existing statute with an amendment thereto does not show any legislative intent to make any change in the law as expressed by the language so reenacted, but the unchanged portions of the statute are continued in force, with the same meaning and the same effect after the amendment that they had before. p. 574.

8. STATUTES.—*Construction by Court.*—*Reenactment.*—Where a statute that has been construed by a court of last resort is reenacted in the same language, it will be presumed that the construction given by the court was adopted by the legislature, in the absence of a contrary declaration. p. 575.

9. DRAINS. — *"Two-thirds Remonstrance."* — *Irregularities in Docketing.*— *How Questioned.*— An unverified remonstrance stating that it was signed by two-thirds of the landowners affected, and concluding with a request "that the report be set aside and the petition be dismissed and for all other proper relief," no notice being given to the adverse parties of the filing and presentation of such remonstrance, could not operate as a motion to set aside the docketing of the petition for fraud, and the recital therein of facts tending to show that the order docketing the petition had been obtained by improper means could not render such motion and notice thereof unnecessary if it was desired to set aside the docketing for such fraud. p. 576.

From Wells Circuit Court; *E. E. McGriff,* Special Judge.

Petition by Robert H. Mossburg and another for the construction of a drain. From a judgment establishing the drain and confirming the assessments, Byron E. Thompson and others, remonstrators, appeal. *Affirmed.*

*Cook & Krieg* and *Bowers, Feightner & Bowers,* for appellants.

*W. H. Eichhorn* and *John H. Edris,* for appellees.

EWBANK, J.—The two appellees filed a petition for the construction of a public drain about two miles long extending from a point named as the place of beginning down-stream to the outlet in an existing dredged ditch. The petition named as the owners of lands to be affected the petitioners and one other person, and described certain lands alleged to be owned by these three persons, and also alleged that a certain highway would be benefited. The petition was filed on November 12, 1917, and notice having been served on the third landowner named therein, and on the trustee of the township in which the highway to be benefited is situated, the cause was docketed on December 8, 1917. No remonstrance of any kind having been filed, the drain was duly referred to three commissioners, who were ordered to meet on January 5, 1918, and qualify, and thereafter to report to the court. Extensions of time having been granted, the commissioners filed their report, on November 20, 1918, by which they found that the proposed drain will be practicable and of public utility; that it will improve the public health and benefit the public highways, and will cost less (including damages and expenses) than the benefits. They further reported that the drain should be constructed over substantially the route described in the petition, but beginning nearly half a mile farther up-stream on the little branch to be improved, and running to the outlet in the dredged ditch, as named in the petition. However, they also reported in favor of constructing five branches or "laterals" emptying into the drain as so laid out, and reported that the lands of 190 persons, in the total amount of more than 10,000 acres, would receive benefits from the construction of the proposed drains, for which they were thereby assessed. On December 14, 1918, the additional owners of lands affected were

served with notice that the report of the commissioners had been filed, as above stated, and by the court had been set for hearing on December 27, 1918. Certain of the parties served with this notice, to the number of 142, alleging that they owned lands assessed for the proposed improvement, in the aggregate amount of nearly 10,000 acres, and that they were more than two-thirds in number of the landowners affected by the proposed drain, and would have joined in a remonstrance against its construction, and would have filed such remonstrance within twenty days from the docketing of the cause, if the petitioners had named and described their lands in the petition and given them notice, signed and filed certain written instruments, each of which recited on its face that it was a "remonstrance", in which papers they designated themselves as "remonstrators", and asked "that the report be set aside and the petition dismissed at the cost of the petitioners, and for all other proper relief in the premises."

The record recites that, four months afterward, the petitioners (appellees) "filed their motion to strike out each of the several remonstrances under date of December 20 and 31, 1918, and designated severally as 'remonstrance of Frederick Sheets', * * *, (reciting the designation of each remonstrance), which motion reads * * * as follows"; and the record then sets out each motion, asking that each of the several remonstrances so designated be stricken out for the alleged reasons: (1) that neither stated a statutory or valid reason for remonstrance; (2) that neither was filed in time; (3) that neither showed a valid reason or excuse for the failure of the signers to join in and file a "two-thirds" remonstrance within the statutory period; and (4) they were not within any provision of the statute, and that none of the "remonstrances"

was verified by anybody. This motion was sustained, which ruling is challenged by some of the assignment of errors.

Certain remonstrances for cause having been filed, the issues were submitted for trial, and after the evidence had been heard, but before a finding was made, the appellants, on May 22, 1919, filed a number of unverified written instruments, each of which recited the qualifications of the signers, and that "these remonstrators constitute more than two-thirds in number of the landowners" affected, and that they "hereby remonstrate to and against said report of said drainage commissioners and remonstrate against the location and construction of said proposed drain, and ask that said report and petition be dismissed." Appellees having filed a motion to strike out these remonstrances, the court sustained this motion, and struck out "each of the said two-thirds remonstrances heretofore filed herein", which ruling is challenged by certain other assignments of errors. Appellants have also assigned as error the overruling of their motion for a new trial, but all alleged errors have been waived except the rulings on said motions to strike out the remonstrances. Final judgment having been rendered establishing the drain and confirming the assessments, an appeal was perfected.

All of these remonstrances, whether filed in December, 1918, or in May, 1919, proceed on the theory of being demands joined in by two-thirds of the 1, 2. landowners affected, and of defeating the proposed improvement by the mere showing that such two-thirds of the landowners have "remonstrated in writing against the construction of such drain or ditch." §6142 Burns 1914, Acts 1907 p. 508, §3. None of them is verified by the oath of the remonstrators or anybody else. Therefore none of them could be up-

held against a motion to strike out on the ground that it was an amendable remonstrance for cause, since such remonstrances must be sworn to. §6143 Burns 1914, Acts 1907 p. 508, §4. Neither could any be upheld as being a plea in abatement because of a defect of parties; the statute also requiring pleas in abatement to be sworn to. §371 Burns 1914, §365 R. S. 1881; *Moore* v. *Harmon* (1895), 142 Ind. 555, 557, 41 N. E. 599.

None of these instruments appears to have been framed as a motion to set aside the docketing of the cause because of such docketing having been procured by alleged fraud. Each is denominated on its face a "remonstrance", and is so named in the order-book entry which recites that it was filed. Each refers to the persons who signed it as "these remonstrators," and recites that they "now remonstrate against the construction of said proposed drain", and asks that "the petition be dismissed", being relief to which they would not be entitled on a motion to set aside the order docketing the cause. And none of them contains a suggestion that it is a motion to set aside that order, or any kind of a motion at all. Moreover, a motion asking relief because of facts not apparent on the face of the record would have to set out facts affirmatively showing the moving party entitled to relief and be sworn to, or be accompanied by affidavits showing the existence of such facts, including the exercise of diligence by the parties making the motion, or it might be overruled without error. *McDonel* v. *State* (1883), 90 Ind. 320, 321. The court would not be bound to accept as true the statements of facts in an unverified motion of a dilatory character, for the purpose of ruling on such motion, where to sustain it would be to undo all that had been done in the cause in more than a year, and set it back to the condition in which it was when the petition was first filed. If a motion

presented to the court is based in whole or in part upon facts not appearing on the face of the record and not shown by affidavit to be true, the court may properly reject it. And the form in which the ruling was made rejecting it would not be material.

Being insufficient to serve either as remonstrances for cause, pleas in abatement or motions to set aside the order docketing the cause, the question remains whether the papers filed in December or those filed in May were sufficient as a remonstrance by two-thirds of the landowners affected, so as to require that the petition be dismissed and the drainage proceeding terminated.

That none of those papers was filed "within twenty days, exclusive of Sundays, from the day set for the docketing of the petition" is obvious, and the statute in force when this action was commenced and in December, 1918, when the first lot of remonstrances were filed, allowed only twenty days for filing a "two-thirds" remonstrance, and contained no intimation of a purpose to grant the right to file such a remonstrance after the expiration of twenty days. §6142 Burns 1914, supra; Benbow v. Gray (1920), ante 269, 128 N. E. 607, 610. No error was committed in striking out the papers filed as a remonstrance in December, 1918.

But the section of the statute cited, (§6142 Burns 1914, supra) as enacted in 1907, had contained a proviso reading as follows: "That in cases pending at the time of taking effect of this act where a two-thirds remonstrance has not been filed, such remonstrance may be filed to the report of the drainage commissioners, except in cases pending on petition filed under the act of the general assembly of the State of Indiana entitled 'an act concerning drainage,' approved March 6, 1905." And on May 15, 1919, an act took effect

(Acts 1919 p. 433) which amended that section by inserting in it two provisos purporting to authorize the construction of drains and laterals extending through lakes in certain counties, but declaring that it should be supplemental to the act of 1905 for the preservation of fresh water lakes, and should not repeal nor affect that act except as expressly provided, nor repeal any law enacted at the session in 1919. Except for the insertion of those two provisos, it re-enacted §6142 Burns 1914, *supra*, in exactly the same language, including the provision above quoted as to "cases pending at the time of taking effect of this act", and the exception as to cases where the petition was filed under the act of 1905. Thereafter, on May 22, 1919, only seven days after the amendatory act took effect, the second set of written instruments above referred to were filed, purporting to constitute a remonstrance, which stated no facts except that the signers were more than two-thirds in number of the landowners affected by the proposed work of drainage, and that they thereby remonstrated and asked that the petition be dismissed, pursuant to said amendatory act of 1919 (Acts 1919 p. 433).

The question is presented whether the re-enactment, in 1919, of the exact language of a statute passed in 1907, with reference to an exception in favor of "cases pending at the time of taking effect of this act", other than cases pending under the Drainage Act of 1905, brought within that exception a drainage proceeding commenced in 1917, under the act of 1907. The obvious and sole purpose of the legislature in passing the amendatory act of 1919 was to insert the two provisos with reference to the drainage of lakes in certain counties. But, under the requirements of the State Constitution, the original section could only be amended by setting forth at full length

the section as so amended.   Art. 4, §21, Constitution;
*Draper* v. *Falley* (1870), 33 Ind. 465; *Town of Martins-
ville* v. *Frieze* (1870), 33 Ind. 507, 509.

The recital in this manner, in an amendatory act, of
language contained in the act amended, does not show
a legislative intent to make any change in the
7.    law as expressed by the language so re-enacted;
but the unchanged portions of the statute are
continued in force, with the same meaning and same
effect after the amendment that they had before. *Worth*
v. *Wheatley* (1915), 183 Ind. 598, 604, 108 N. E. 958;
*State* v. *Kates* (1897), 149 Ind. 46, 48, 48 N. E. 365;
*Holle* v. *Drudge* (1920), 190 Ind. 520, 129 N. E.
229, 230.

·"So far as the section is changed (by amendment) it
must receive a new operation, but so far as it is not
changed it would be dangerous to hold that the mere
nominal re-enactment should have the effect of disturb-
ing the whole body of statutes *in pari materia* which
had been passed since the first enactment.   *   *   *
The portions of the amended sections which are merely
copied without change are not to be considered as re-
pealed and again enacted, but to have been the law all
along."   Sutherland, Statutory Construction (2d ed.)
§133.   "By observing the constitutional form of amend-
ing a section of a statute the legislature does not ex-
press an intention then to enact the whole section as
amended, but only an intention then to enact the change
which is indicated.·   Any other rule of construction
would surely introduce unexpected results and work
great inconvenience."   *McLaughlin* v. *Newark* (1894),
57 N. J. Law 298, 301, 30 Atl. 543, 544.

On May 14, before the amendatory act took effect,
the language above quoted had been construed by this
court to refer to the time when the Drainage Act of
1907 took effect, and as intended to confer the right of

remonstrance in proceedings under the Drainage Act of 1885, as amended by Acts 1903 p. 504, whereby the right of terminating such a proceeding by a "two-thirds remonstrance" had been taken away. *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 140, 88 N. E. 502. And as requiring that in all cases which had not been commenced before the act of 1907 took effect, a "two-thirds remonstrance" could only be filed within twenty days, exclusive of Sundays, after the docketing of the cause, and not afterward, and that such a remonstrance not filed within that time, even though filed by persons on whom notice was served after the drainage commissioners had made their report, should be struck out. *Ross* v. *Hannah* (1910), 173 Ind. 671, 91 N. E. 232; *Wilson* v. *Tevis* (1916), 184 Ind. 712, 718, 111 N. E. 181; *Benbow* v. *Gray, supra.*

And on May 22, 1919, only eight days later, when the papers which the court struck out were filed, the same language contained in the amended section 8. had not changed its meaning by reason of two provisos that had no reference to the subject of remonstrances or the time within which they must be filed having been inserted in it. But it must receive the same construction which before had been given to it by this court. Where a statute is re-enacted in the same language after it has been construed by a court of last resort, it will be presumed that the construction as well as the language was adopted by the legislature, no other intention being declared. *Smith* v. *Biesiada* (1910), 174 Ind. 134, 137, 90 N. E. 1009; *Temple* v. *State, ex rel.* (1916), 185 Ind. 139, 144, 113 N. E. 233; *Brown* v. *Doak Co.* (1922), 192 Ind. 113, 135 N. E. 343, 345. No error was committed in striking out the remonstrances filed in May, 1919.

The judgment is affirmed.

ON PETITION FOR REHEARING.

EWBANK, J.—The order of December 8, 1917, docketing this cause undoubtedly could have been set aside for fraud, in a proper proceeding for that purpose, upon a sufficient showing, and if that were done, persons opposed to the construction of the proposed drain might then have opposed docketing it for any available reason. Perhaps then they might have filed a "two-thirds remonstrance" within twenty days after the cause was again docketed, if thereafter it was docketed. But a remonstrance stating that it was signed by two-thirds of the landowners affected and concluding with a request "that the report be set aside and the petition be dismissed and for all other proper relief", which was not verified, and of the filing and presentation of which no notice was given to the adverse parties, could not operate as a motion to set aside the docketing for fraud, and to reopen the case, so as to make it error for the trial court to pass on it as being the remonstrance which it purported to be.

The recital therein, of facts tending to show that the order docketing the cause had been obtained by improper means, could not make such a remonstrance supersede and render unnecessary a motion to set aside the docketing. Parties who wished an order of court, made more than a year before, to be treated as void because of alleged improper conduct by which their adversaries were charged with having induced the court to make it, should have petitioned the court to set the order aside, stating under oath facts which, if true, would justify that action, and giving notice to the adverse parties. Merely introducing into an unverified remonstrance, filed at a time when the statute forbade such a remonstrance to be filed, recitals having a tendency to show that the docketing was obtained by concealing material facts, did not present for decision

in passing on the remonstrance any question as to whether or not the order docketing the cause was irregular. And so long as that order remained in force, a "two-thirds remonstrance", filed more than a year after it was made, could not be received.

The petition for a rehearing is overruled.