VICTOR L. FUNKE *v.* CITY OF EVANSVILLE.

[No. 1-872A59. Filed December 27, 1972.]

*Matthews and Shaw,* of Evansville, for appellant.

*Cox, Schroeder, Dodd, Staser & Mitchell,* of Evansville, for appellee.

LOWDERMILK, J.—Defendant-appellee, City of Evansville, a second class city, filed its motion to dismiss pursuant to the provisions of Rule TR. 12 of the Indiana Rules of Procedure; said motion was sustained, appellant refused to plead over and judgment was entered against the plaintiff-appellant.

Appellant timely filed his motion to correct errors, which was by the court overruled and this appeal follows.

Plaintiff-appellant alleged in his amended complaint for a declaratory judgment that there was due him from the appellee, City of Evansville ("Evansville"), the sum of $3,788.25 for 15,153 certifications of record to the Bureau of Motor Vehicles during the time period in question, and during which time he was functioning as the clerk of the city court of appellee Evansville.

Plaintiff-appellant contends he received the adverse ruling because of the fact the State Board of Accounts refused to approve payments of the kind in question based on a 1959 Elected Officials Salary Act, IC 1971, 18-2-1-11, Burns § 48-1233(a).

We are here concerned by three separate Acts of the General Assembly. The first in question was a 1949 Act, Burns § 47-1052(d) which reads as follows:

"(d) Upon the conviction of any person for any offense which authorizes or requires the clerk of a court or the judge of a court which has no clerk, to certify an abstract of the record of such conviction to the Commissioner or the department, *a certification fee of twenty-five cents shall be taxed by the court as a part of the costs against the defendant and in favor of the party authorized or required to make such certification and a permanent operator's record fee of one dollar and fifty cents shall be so taxed by the court as a part of the costs against the defendant and in favor of the Commissioner. The certification fee of twenty-five cents shall become the property of the officer making the certification and the permanent operator's record fee of one dollar and fifty cents taxed in favor of the Commissioner shall be paid over to the Commissioner upon due demand and receipt therefor.* When the Commissioner shall have collected any such permanent operator's

record fee, he shall forthwith pay the same into the general fund subject to the provisions of the existing law and when so paid, shall to the extent of such payment, diminish any and all assessments for expenses of administration made under and pursuant to section 45 of this act." (Our emphasis.)

Appellant functioned as clerk of the city court of Evansville as well as doing the general duties of the clerk of said second class city and contends under the statute he is entitled to a fee of twenty-five cents for every motor vehicle violation his office was required to certify to the Commissioner of Motor Vehicles and that said fee was to be paid to him as clerk for his own use under the aforesaid Act. This Act was amended in 1951, 1953, and again in 1963, with the 1963 amendment substantially re-stating the original 1949 Act, including the twenty-five cent fee for the city clerk for certifications to the Commissioner of Motor Vehicles.

Our General Assembly in 1965, under Burns § 47-1052(b) again enacted a statute providing for a twenty-five cent certification fee for city clerks functioning as clerks of the city court, which statute reads as follows, to-wit:

"The following fees shall be collected by the Clerk of a court or the judge of a court which has no clerk on behalf of the Commissioner of Motor Vehicles:

Upon the conviction of any person for any offense which authorizes or requires the clerk of a court or the judge of a court which has no clerk, to certify an abstract of the record of such conviction to the commissioner or the department, a certification fee of twenty-five cents (25¢) shall be taxed by the court as a part of the costs against the defendant and in favor of the party authorized or required to make such certification and a permanent operator's record fee of two dollars ($2.00) shall be so taxed by the court as a part of the costs against the defendant and in favor of the commissioner, and the suspension of either of these fees by the judge shall mean the suspension of both. *The certification fee of twenty-five cents (25¢) shall become the property of the officer making the certification and the permanent operator's record fee of two dollars ($2.00)* taxed in favor of the commissioner shall be paid

over to the commissioner upon due demand and receipt therefor. When the commissioner shall have collected any such permanent operator's record fee, he shall forthwith pay the same into the general fund." (Our emphasis.)

Our General Assembly, in 1959, enacted the Elected Officials Salary Act, the same being Burns § 48-1233(a), and which reads as follows, to-wit:

"The salaries of the elected city officials as fixed by ordinance of the common council pursuant to the provisions of section 20a of this act shall be in full for all governmental services and in lieu of all fees, penalties, fines, interests, costs, forfeiture, commissions and percentages. The salaries of the elected city officials and employees of cities may be paid at any time and in any manner as may be prescribed by the common council: Provided, That such salaries shall be paid at least one time in each month."

In 1966 the State Board of Accounts formally requested our Attorney General for an opinion relative to the twenty-five cent fee mentioned in the above statutes. The Attorney General's Opinion No. 12 in response thereto determined that clerks, such as appellant herein, could not receive the twenty-five cent fee and the State Board of Accounts, pursuant to said opinion, immediately began to disallow the fee and so continued until the 1971 Acts, which deleted the twenty-five cent fee completely.

Appellant contends that the Attorney General's Opinion No. 12, 1966, is erroneous and the 1959 Elected Officials Salary Statute is general in nature, while the 1965 fee statute is specific in nature. Appellant contends that this specific statute should control over general statutes. Appellant further contends that the re-enactment of the fee statute reaffirms the intent of the Legislature to allow clerks, such as the appellant, special fees.

Appellant contends that implied repeals of earlier acts by a later act are not favored, and, further, that when there are two acts dealing with the same subject both should be given effect, if possible, and if the two acts are repugnant

one to the other, or where there is conflict the more recent and specific provision should prevail.

Appellant further contends that the General Assembly expressed an intention when it adopted as a part of the Indiana Code in 1971 the clerk's certification fee statute in question. That the 1971 Legislature after the adoption, repealed specifically that portion of the statute which gave the clerk twenty-five cents for each certification.

Appellant further urges that this is a case which is a problem of the General Assembly and that the judicial function is only to interpret legislation, and, further, that for this court to agree with the 1966 opinion of the Attorney General, *supra,* would, in effect, be legislating by interpretation.

Appellee's argument is that the statutes in question can be interpreted *in pari materia* and that such interpretation would support the trial court's ruling in favor of the appellee, dismissing the appellant's complaint.

Appellee contends there is no conflict between the statutes; that appellant should have followed the Elected Officials Salary Statute and have applied to the common council of the City of Evansville to obtain authorization to receive the certification fee; that the 1959 Act prohibited all elected city officials from receiving any fees other than salaries established by ordinance.

Appellee's further contention is that even though there was a conflict between the statutes in question the trial court arrived at a correct decision. For this statement appellee cites and relies on the case of *State ex rel. Palmer et al.* v. *Circuit Court of Hendricks Co.* (1963), 244 Ind. 297, 301, 192 N.E.2d 625:

> "It is a fundamental rule of statutory construction that where a later statute re-enacts the provisions of an earlier statute, it does not repeal or change the effect of an intermediate act which has qualified or limited the earlier enactment. Rather, the intermediate act will be deemed to

remain in force and to qualify or modify the new act, in the same manner as it did previously. This court considered the present question in the case of *Public Service Commission et al.* v. *City of Indianapolis et al.* (1922), 193 Ind. 37, 49, 137 N.E. 705. In that case this court stated:

" '. . . And where a later statute merely re-enacts the provisions of an earlier one, it does not repeal an intermediate act which has qualified or limited the earlier one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first. 1 Sutherland, Statutory Construction (2d Ed.) § 273; Endlich, Interpretation Statutes § 194.' See also: *City of New Albany* v. *Lemon et al.* (1926), 198 Ind. 127, 137, 149 N.E. 350, 152 N.E. 723."

In *Thompson* v. *Mossburg* (1923), 193 Ind. 566, 141 N.E. 241, the court, in passing on a type of question similar to that which is now before the court, had the following to say:

"The recital in this manner, in an amendatory act, of language contained in the act amended, does not show a legislative intent to make any change in the law as expressed by the language so re-enacted; but the unchanged portions of the statute are continued in force, with the same meaning and same effect after the amendment that they had before. [Cases cited omitted.]

" 'So far as the section is changed (by amendment) it must receive a new operation, but so far as it is not changed it would be dangerous to hold that the mere nominal re-enactment should have the effect of disturbing the whole body of statutes *in pari materia* which had been passed since the first enactment. * * * The portions of the amended sections which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along.' Sutherland, Statutory Construction (2d ed.) § 133. 'By observing the constitutional form of amending a section of a statute the legislature does not express an intention then to enact the whole section as amended, but only an intention then to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience.' *McLaughlin* v. *Newark* (1894), 57 N. J. Law 298, 301, 30 Atl. 543, 544."

We find, in *Thompson, supra,* an analogous situation where construction has been given to a statute by the court and

the statute then re-enacted. The court, in *Thompson, supra,* on the point in question said:

". . . Where a statute is re-enacted in the same language after it has been construed by a court of last resort, it will be presumed that the construction as well as the language was adopted by the legislature, no other intention being declared. . . ."

See, also: *Huff, et al.* v. *Fetch* (1924), 194 Ind. 570, 143 N.E. 705; *Sutton* v. *State* (1951), 230 Ind. 62, 101 N.E.2d 636; *Boone* v. *Smith* (1948), 225 Ind. 617, 77 N.E.2d 357; *Heffner* v. *White* (1943), 221 Ind. 315, 47 N.E.2d 964.

We are unable to determine from the record that there was ever an ordinance passed by the common council of the City of Evansville setting the salary of the duly elected clerk to include a fee for certification of records to the Bureau of Motor Vehicles pursuant to the Acts of 1959, the same being Burns, § 48-1233 (a), *supra.*

In our opinion, having considered all the Acts and cases hereinabove set forth, we are of the opinion that the Elected Officials Salary Act of 1959, the same being Burns § 48-1233 (a) prevailed all during the time appellant claims the twenty-five cent fee for each certification made by him as the city clerk of Evansville to the Bureau of Motor Vehicles.

We are of the further opinion that, for the reasons hereinabove set out, that Burns § 47-1052 (b) as re-enacted in 1965, did not reinstate the said twenty-five cent certification fee and could have only entitled the plaintiff-appellant to said fee by his strict compliance with said statute § 48-1233 (a), whereby he would have become entitled to the certification fee only after the adoption of the same as a part of his salary by ordinance of the common council of Evansville.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 290 N.E.2d 787.