May Term,
1855.

THE PRESI-
DENT AND
DIRECTORS
OF THE PERU
AND INDIA-
NAPOLIS R. R.
COMPANY
v.
BRADSHAW.

*D. Mace* and *W. C. Wilson*, for the appellee.

---

THE PRESIDENT AND DIRECTORS OF THE PERU AND INDI-
ANAPOLIS RAILROAD COMPANY *v.* BRADSHAW.

Section 3, p. 426, 1 R. S. 1852, which gave to the wife, or in case there was no wife, then to the minor children of a person killed by the negligence or un-skilfulness of the officers or servants of a railroad company, &c., a right of action against the company, was repealed by implication by s. 784, p. 205, 2 R. S. 1852.

Monday,
May 28.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—*Minerva Bradshaw*, who was the wife of *George Bradshaw*, brought this action against the *Peru and Indianapolis Railroad Company*, to recover damages for the loss of her husband, who was killed upon the road of said company. She brought the action in her character as widow of said *George*, under sec. 3, p. 426, of the 1 R. S. 1852.

Defences were put in, issues made and tried, and the plaintiff had judgment for 4,000 dollars.

The company appealed to this Court; and contend that the section of the statute under which the suit was brought has been repealed.

The section reads thus, and was enacted the 11th of *May*, 1852.

" Whenever any person shall die from any injury result-ing from the negligence or unskilfulness of any of the

officers or servants of any railroad company in this state, or to the insufficiency of, or defect in, such road or bridges thereof, or the cars or locomotives thereon, such company shall be liable in damages to the wife, or if there be no wife, or she shall fail for three months after such death to prosecute, then to the minor child or children of such deceased; or if such deceased be a female, then to the husband, or if there be no husband, or he shall fail for three months to prosecute, then to the minor child or children of such deceased; or if such deceased be a minor, and unmarried, then to the father, or if there be no father, to the mother of such deceased." 1 R. S. 1852, p. 426.

May Term, 1855.

THE PRESI-
DENT AND
DIRECTORS
OF THE PERU
AND INDIA-
NAPOLIS R. R.
COMPANY
v.
BRADSHAW.

The substance of this section is, that whenever any person shall die from injuries happening through the negligence of a railroad company, a right of action for damages shall exist in favor of certain persons against such company.

This right did not exist at common law. The injury mentioned being tortious and personal, the right, by that law, died with the person. 1 Chit. Pl. 68. The right is created by the statute, and here limited, as we have seen, to an action against railroad companies. But on the 18th day of *June*, 1852, thirty-eight days after the passage of the section above quoted, the legislature extended this right, making it general against all persons, natural and artificial, annexing, however, some modifications and limitations upon its exercise. The following is a copy of the later enactment. 2 R. S., p. 205, sec. 784.

" When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed five thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

The two acts quoted are upon the same subject-matter, that is, they both create a right of action in a successor, to

May Term,
1855.

THE PRESI-
DENT AND
DIRECTORS
OF THE PERU
AND INDIA-
NAPOLIS R. R.
COMPANY
v.
BRADSHAW.

be pursued by the same system of practice, in the same tribunals, for a tort committed upon a deceased person, and they must be considered together.

The first, as we have said, gives the right of action in such cases, against railroad companies; the second, against all persons.

The first does not regard the question whether the deceased, if living, could have maintained an action for the same tort; the second does.

The first gives the right of action the to widow or other relatives, as the case may happen, and gives the judgment recovered exclusively to the plaintiff in the suit; the second vests the right of action in the legal representative of the deceased, and requires the proceeds of the judgment recovered to be distributed to the widow and heirs, according to the general law of distribution of personal estate.

The first makes no provision for the brothers and sisters and remoter relatives of a deceased minor killed upon a railroad; the second does.

The first does not limit the time in which suit may be brought; the second does.

The first does not limit the amount of damages that may be recovered; the second does.

The second is more comprehensive than the first, covering the whole ground occupied by it, and more.

The two are utterly inconsistent in their provisions, and cannot both be enforced; the latter is much the more reasonable and judicious law, is more in harmony with general principles, furnishes an ample remedy, and, we think, repeals the former.

The case of *Norris* v. *Crocker et al.*, 13 How. (U. S.) R. 429, we regard as in point. It arose upon the fugitive slave acts of 1793 and 1850. The arguments pro and con, and authorities cited, in that case, are the arguments and authorities respectively in the case before us, and the decision in that case supplies the law for this.

The Court say:

" The fugitive slave law of 1850 does not repeal the 4th section of the act of 1793 in terms; and if it is repealed, it

must be by implication.    As a general rule it is not open to controversy, that where a new statute covers the whole subject-matter of an old one, adds offences, and prescribes different penalties for those enumerated in the old law, then the former statute is repealed by implication; as the provisions of both cannot stand together.

" To ascertain whether there be repugnance, the enactments must be compared."

The comparison is then instituted, and we think any one who will take the trouble to examine it, will discover that the repugnance between those two statutes is less than that between the two provisions now under consideration in our code.

STUART, J.—For the reasons given by me on a similar question in *Spencer* v. *The State*, 5 Ind. R. 41, I am of opinion that the plaintiff was entitled to recover; and therefore that the judgment should be affirmed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the suit.

*L. Barbour* and *A. G. Porter*, for the appellants.

*T. D. Walpole*, *W. Garver* and *R. L. Walpole*, for the appellee.