HEFFNER ET AL. *v.* WHITE.

[No. 17,033.   (Appellate Court.)   Filed April 15, 1943.]

*Kenner & Glenn,* of Huntington, for appellants.

*Todd & Craig,* of Indianapolis, for appellee.

ON PETITION TO TRANSFER.

SWAIM, J.—The appellee, a carpenter, was injured while repairing a farm building on the appellant's farm. The Appellate Court affirmed an award of the Industrial Board to the appellee.

The appellant has petitioned for a transfer of the cause to this court assigning as reasons therefor that the Appellate Court erroneously decided certain new questions of law.

The first question presented by the petition to transfer is that the appellee was a casual employee within the meaning of § 40-1701, Burns' 1933 (1940 Replacement), § 16449, Baldwin's 1934, which defines "employee" as used in the Workmen's Compensation Act, as including every person in the service of another, under any contract of hire or apprenticeship, "except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer." The quoted exception appears in the original Compensation Act in the same words. Acts of 1915, ch. 106, § 76, par. b, p. 415.

Many decisions of the Indiana Appellate Court have construed these words as not excluding an employee whose work was casual if the work was necessary to the employer's business.

In *Caca* v. *Woodruff* (1919), 70 Ind. App. 93, 123 N. E. 120, the court held that a carpenter, who was

employed by the owner of a mill to make an addition to and repair the mill, was an employee within the terms of the Act; that since the work he was doing "was a necessary part of his (the owner's) business which he was required to anticipate" it was within the "usual course" of the employer's business.

In 1923, in *Crawfordsville Shale Brick* v. *Starbuck* (1924), 80 Ind. App. 649, 141 N. E. 7, the court held that a man supervising the installation of a gas-burning system in a brick yard was an employee of the owner of the brick yard.

Again it was decided, in *Wagner* v. *Wooley* (1926), 85 Ind. App. 259, 152 N. E. 856, that a laborer helping in the construction of a toilet in connection with a public garage was employed in the usual course of the employer's business because the toilet was reasonably necessary in the operation of the garage.

After these three decisions construing the language of this provision the Legislature, in 1929, re-enacted this particular subsection of the statute, without changing a word in this exception. Acts of 1929, ch. 172, § 73, subsection b, p. 566.

Thereafter, in 1931, in *Olsen* v. *Canter* (1931), 93 Ind. App. 150, 176 N. E. 27, the court held that a painter, engaged in painting storerooms for a storekeeper was not a "casual employee."

In 1933, the Legislature amended this section but again retained the same language in this exception.

The Legislature, in 1937, amended several sections of the Workmen's Compensation Law, but did not change this section. In 1938, in *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869, it was held that a carpenter, installing booths in a restaurant, was not a "casual employee," because

the booths were necessary in the business of the restaurant.

In 1939, in the case of *Kunkler* v. *Mauch* (1940), 108 Ind. App. 98, 27 N. E. (2d) 97, it was held that since the repair of rentals is necessary, one repairing the roof of rental property for an owner of several such properties was an employee of the owner.

In view of the conduct of the Legislature and this long line of decisions uniformly holding that employment "in the usual course" of the employer's business means employment on any work in connection with and reasonably necessary to the employer's business, we may not at this late date say that the Appellate Court has misinterpreted the intention of the Legislature.

By the repeated re-enactment of this section of the act without changing the wording of the exception we may say that the Legislature has adopted the construction of the Appellate Court even though we might now feel that such construction did not correctly interpret the original intention of the Legislature. As we said in *State, ex rel.,* v. *Miller, Trustee* (1923), 193 Ind. 492, 497, 141 N. E. 60, "Repeated re-enactments of those features of the law after the Supreme Court had given it a construction must be deemed a legislative adoption of the construction thus given it." See, also, *Thompson* v. *Mossburg* (1923), 193 Ind. 566, 575, 139 N. E. 307, 141 N. E. 241.

Prior to the decision in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, the Appellate Court was considered the court of last resort on questions of the interpretation of the Workmen's Compensation Act.

We also have many decisions of this court holding that the failure of the Legislature to change a statute

after a line of decisions of a court of last resort giving the statute a certain construction amounts to an acquiescence by the Legislature in the construction of the court and that such construction should not then be disregarded or lightly treated. *Loeb et al.* v. *Mathis* (1872), 37 Ind. 306; *Stout* v. *Board of Commissioners* (1886), 107 Ind. 343, 8 N. E. 222; *Legler* v. *Paine et al, Board, etc.* (1897), 147 Ind. 181, 45 N. E. 604.

Another question presented by the petition to transfer is whether the appellee was a "farm" or "agricultural" employee within the meaning of the act.

As originally enacted in 1915, the act expressly excluded casual employees as defined in § 76, farm and agricultural laborers and domestic servants. Acts of 1915, ch. 106, § 9, p. 394. In 1917, in *In Re Boyer* (1917), 65 Ind. App. 408, 117 N. E. 507, the court held that an employee of the owner of a threshing machine, while working for the owner in threshing wheat for a farmer on a farm, was not a farm laborer within the meaning of the act. The court there pointed out that while the threshing of wheat may be a part of the work necessary to be done on a farm the farmer himself rarely does it.

In 1919, § 9 of the Workmen's Compensation Act was amended by substituting "farm or agricultural employees" for "farm or agricultural laborers." Acts of 1919, ch. 57, p. 158.

Thereafter, in 1925, the Appellate Court held that a regular employee on a chicken farm was a farm employee and therefore not covered by the act. *Fleckles* v. *Hille* (1925), 83 Ind. App. 715, 149 N. E. 915.

Again in the same year in *Dowery* v. *State of Indiana* (1925), 84 Ind. App. 37, 149 N. E. 922, it was held that an employee of the Indiana Girls' School, engaged

in farm work at the school, was a farm employee. The court there said "the statute does not classify the employee in accordance with the general occupation or business of the employer. Whether a laborer is or is not a farm employee is determined from the character of the work he is required to perform."

Thereafter, in 1929, Acts of 1929, ch. 172, p. 539, this section was re-enacted and the language here in question was not changed.

In *Makeever* v. *Marlin* (1931), 92 Ind. App. 158, 163, 174 N. E. 517, it was held that a windmill repair man, while repairing a windmill on a farm was not a farm employee within the meaning of this section. The court quoted with approval from *Peterson* v. *Farmers State Bank* (1930), 180 Minn. 40, 230 N. W. 124 in which it was stated that a farm laborer does not step out of his own part while doing carpenter work on the farm for his farmer employer, nor does the carpenter who comes on to the farm for the job of carpentry and nothing more. One continues a farm laborer and the other does not become one. The court said further, "A lawyer employing a farm laborer to do farm work would be exempt as would the farmer. A lawyer or farmer, however, employing a laborer to do work on a farm which is not farm labor, is not, from the language used, exempt. The act, taken as a whole, was not meant to exclude farmers in all their employment contracts."

In 1935, in *Harn* v. *Grimm*, 101 Ind. App. 74, 77, 198 N. E. 93, the appellee, a farmer, owned and operated a corn shredder. The injured appellant was hired to work on the shredder. On the morning of the accident the appellee was about to shred the corn on his own farm. While the appellant was cleaning the machine before starting to shred the corn, he was injured. The

Industrial Board found that he was a farm employee. The court, in holding that he was not a farm employee said, "In determining this question we must keep in mind the general character of the employment and the kind of work the employee was hired to do since our statute does not classify the employee in accordance with the general occupation or business of the employer."

In 1937, the Legislature amended several sections of the act but this one was left unchanged.

Here, again, we believe that the Legislature by failing to change the provision in the many intervening sessions and by re-enactment of the provision in 1929 have both acquiesced in and adopted the interpretation of the Appellate Court.

While these two questions are new in the sense that this court has not heretofore passed upon them, we feel that we are bound by the many decisions of the Appellate Court construing the two provisions and by the conduct of the Legislature in re-enacting and amending these sections without any change of the particular provisions here in question.

The petition to transfer is therefore denied.

NOTE.—Reported in 47 N. E. (2d) 964.