## C. & G. POTTS AND COMPANY v. FORTNEY

[No. 17,534. Filed November 27, 1946. Rehearing Denied December 23, 1946. Transfer Denied January 31, 1947.]

James L. Murray, of Indianapolis, for appellant.

Fenton, Steers, Beasley & Klee, of Indianapolis, for appellee.

ROYSE, J.—The sole question presented by this appeal is the construction, under the facts herein, of § 40-2205 (f), Burns' 1940 Replacement.

> "No compensation shall be payable for or on account of death resulting from any occupational disease unless death occurs within one (1) year after the date of disablement: Provided, That this paragraph shall not be a bar to compensation for death (a) where death occurs during the pendency of a claim filed by an employee within one (1) year after the date of disablement and which claim has not resulted in a decision or has resulted in a decision which is in process of review or appeal, or (b) where, by agreement filed or decision rendered, a compensable period of disability has been fixed and death occurs within one (1) year after the end of such fixed period, but in no event later than three hundred (300) weeks after the date of disablement."

The facts are undisputed and may be briefly summarized as follows: Raymond Fortney, an employee of appellant, became disabled on June 17, 1942, from the occupational disease known as "silicosis-tuberculosis," which arose out of and in the course of his employment. Thereafter, on October 7, 1942, "the Industrial Board of Indiana approved a compensation agreement made by said parties wherein the defendant (appellant) agreed to pay the plaintiff's (appellee's) decedent compensation at the rate of $16.50 per week from and including the 24th day of June, 1942, and to continue until terminated in accordance with the provisions of the Indiana Workmen's Occupational Diseases Act." Thereafter, on August 25, 1945, Raymond Fortney died and left surviving him his wife, the appellee herein, who was wholly dependent on him for support. Appellant denied liability for further payments of compensation after the death of said Raymond Fortney.

Appellee thereafter filed her application for adjustment of her claim for compensation with the Industrial Board. This application was heard by a single member of the Board who found in favor of appellee. Upon proper application there was a review by the Full Board who also found in favor of appellee. The pertinent portion of its award is as follows:

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED By the full Industrial Board of Indiana that there be awarded the plaintiff as against the defendant compensation at the rate of $16.50 per week beginning the 24th day of June, 1942, for a period not to exceed three hundred weeks, or until terminated in accordance with the provisions of the Indiana Occupational Diseases Act.

"It is further ordered that all deferred payments of compensation be brought to date, paid in cash and in a lump sum.

"It is further ordered that the defendant be given credit for any and all payments of compensation heretofore paid to plaintiff's decedent during his lifetime for his temporary total disability on account of said Occupational disease.

"It is further ordered that in the event the statutory burial expenses in the sum of $150.00 for the said Raymond Fortney, deceased, has not been paid by the defendant, the defendant shall pay the said burial expenses."

Appellant earnestly contends the award of the Full Industrial Board is erroneous because Raymond Fortney died more than three years after his disablement commenced and that provisions (a) and (b) of the above quoted section are not applicable to the facts herein. It is agreed provision (a) has no application here.

Appellant asserts the agreement between deceased and it fixed the beginning of the period of disability but did not fix the termination thereof, and therefore appellee does not come within the provision of the above quoted section of the statute. With this contention we do not agree. The agreement approved by the Industrial Board provided that compensation was to be paid "until terminated in accordance with the provisions of the Indiana Workmen's Occupational Diseases Act." We construe this to mean, compensation was to be paid to decedent for 300 weeks from the date disability commenced, unless sooner terminated under the provisions of the law, such as that referring to a change in condition, etc.

This court, in the case of *Continental Roll & Steel F'dry Co.* v. *Slocum* (1942), 111 Ind. App. 438, 41 N. E. (2d) 635, held that an agreement practically identical to the one herein brought the appellee within this statute. There have been several sessions of the legislature since this decision and they

have not seen fit to change the law. This is some evidence of legislative approval of the construction we have placed on this question.

The award is affirmed with the usual penalty.

CRUMPACKER, C. J.—Dissents with opinion.

NOTE.—Reported in 69 N. E. (2d) 752.

## DISSENTING OPINION

CRUMPACKER, C. J.—The agreement between the appellee's decedent and the appellant, duly filed and approved by the Industrial Board, provides for compensation "from and including the 24th day of June, 1942, and to continue until terminated in accordance with the provisions of the Indiana Workmen's Occupational Diseases Act." The court construes such provisions as a fixed period of compensable disability within the meaning of Proviso (b) by reading into the agreement the general statutory limitation of 300 weeks pertaining to all compensable cases of disability. Even so aided, in my opinion, the agreement does not provide for a fixed period of disability. The word "fixed" means "to determine;" "to assign precisely;" "to make definite and certain." Webster's International Dictionary. An agreement that provides that the period of compensation shall be for 300 weeks unless terminated prior thereto by circumstances, the occurrence of which is wholly speculative, leaves such period of compensation indefinite and uncertain. The general provisions of the act, pertaining to the compensation period, were intended by the legislature to be flexible and fluid within the maximum limit so that such period could be adjusted to do justice to all parties in the light of unforeseeable events. The idea of flexibility is incompatible with the word "fixed" and when the legis-

lature used the word "fixed" in Proviso (b) it had in mind an agreement or award that provided for a compensation period that was set inflexibly in any event and if death occurred any time within such period, or within a year after it terminated, death benefits could be enforced.

As I construe the court's opinion its effect is to make any agreement or award "fixed" as to the period of compensation because, in no event, could an agreement or award extend such period beyond 300 weeks from the date of disablement. The beginning of the period is determined by the agreement or award itself and the end is determined by the law. Thus every case falls within the proviso and the body of the statute becomes meaningless.

Had the legislature intended to enact such a law all confusion and uncertainty could have been avoided by simply saying: No compensation shall be payable for or on account of death resulting from any occupational disease unless death occurs within one year after 300 weeks from the date of disablement or, if the period of disablement is terminated prior thereto by other provisions of this act, then within one year from the date of such termination. I am unable to find any such meaning in the language used in the statute in controversy.

The court cites the case of *Continental Roll & Steel F'dry. Co.* v. *Slocum* (1942), 111 Ind. App. 438, 41 N. E. (2d) 635, as being "practically identical" with the case at bar and considers it decisive of the question here involved. The agreement in that case provides for compensation "beginning March 12, 1940, and continuing during the period of his total disability, or until terminated by law." The question as to whether that constituted a "fixed" period of compensation within the

meaning of Proviso (b) was not raised and nowhere in its.decision does the court so construe it or even discuss it. The appellant contended that the statute of limitations had run against the appellee's cause of action and in disposing of that question the court said; "it should be pointed out that the claim herein was filed within a few months after the death of the decedent and was certainly filed in time under the statute." The statute referred to is § 40-2225 (c), Burns' 1940 Replacement, which provides that no proceedings for death shall be maintained unless the claim is filed within one year after the date of death.

The statute involved in the present case is not one of limitation but on the contrary makes death within one year from the date of disablement a condition precedent to the right to compensation unless the facts bring the claimant within the provisions of either of the provisos, in which event the meeting of the conditions of such provisos becomes the conditions precedent.

Had the Slocum case decided the question here involved, I could agree that the passing of several sessions of the legislature without a change in the law is evidence of its agreement with the construction placed upon Proviso (b) by the court in the present case. As the Slocum case does not decide the question here involved, I think the assertion of legislative approval is hardly warranted.

In my opinion the award should be reversed.

NOTE.—Reported in 69 N. E. (2d) 754.

## ON PETITION FOR REHEARING

ROYSE, J.—In its petition for rehearing appellant contends we erred in our construction of the case of *Continental Roll & Steel F'dry Co.* v. *Slocum* (1942), 111

Ind. App. 438, 41 N. E. (2d) 635. It asserts the dissenting opinion of Crumpacker, C. J. is correct in holding that case has no application to the facts herein.

In the Slocum case this court set out the ·findings of the Full Industrial Board. Those pertinent to the question here involved were as follows:

"And it is further found that on March 4, 1940, the said Mose Slocum was last exposed to an occupational disease while in the employment of the defendant and that as the result of said occupational disease he was totally disabled on March 5, 1940, and was so totally disabled until the time of his death on the 19th day of May, 1941.

"It is further found that the disease from which the plaintiff's decedent was suffering was tuberculosis and that it was an incident of occupational diseases, sustained while in the employment of the defendant. And it is further found that the defendant was notified of said disability and said occupational disease sustained by the plaintiff's decedent while in the employment of the defendant on March 18, 1940.

"It is further found that on May 27, 1940, the said Mose Slocum and the defendant entered into a compensation agreement, which was approved by the Industrial Board on June 3, 1940, by the terms of which the defendant agreed to pay the plaintiff compensation at the rate of $16.50 per week, based upon an average weekly wage of $42.98, and beginning March 12, 1940, and to continue during the period of his total disability, or until terminated by law.

. . . .

"It is further found that before the plaintiff filed her complaint No. 116 on September 15, 1941, there was a disagreement between the parties as to the payment of compensation by the defendant to the plaintiff. . . . ."

This court then, at page 443, stated as one of the appellant's contentions:

"It is next argued that the appellee did not bring herself within the provisions of the Indiana Workmen's Occupational Diseases Act because the death of the decedent 'did not occur within one year of disablement.' "

This is precisely the question presented by this appeal. In that case we answered this contention in the following language of Judge Curtis:

"It is next argued by the appellant that the cause of action herein was not filed in time and that the statute of limitations had run against it. In this connection, it should be pointed out that the claim herein was filed within a few months after the death of the decedent and was certainly filed in time under the statute."

In appellant's original brief herein it asserted this court in the Slocum case confused § 40-2205 (f), Burns' 1940 Replacement with the statute of limitations. We do not agree with this contention. In our opinion this section provides a limitation of time for the payment of compensation for death resulting from an occupational disease. We adhere to our ruling the Slocum case is decisive of the question here involved. Furthermore, we believe it was decided correctly.

Petition for rehearing denied.

NOTE.—Reported in 70 N. E. (2d) 287.