Don H. MILLER, Indiana Insurance Commissioner, Appellant (Defendant below),

v.

Richard Eugene MAYBERRY and Doris Mayberry, Individually and as Personal Representatives of the Estate of Richard Eugene Mayberry, II, Appellees (Claimants Below),

Michael Wheeler, M.D., Inc., Gibralter Insurance Company, Winona Memorial Hospital, and the Hartford Insurance Company, Defendants Below.

No. 49S02–8704–CV–364.

Supreme Court of Indiana.

April 8, 1987.

Linley E. Pearson, Atty. Gen., Alfred K.B. Tsang, Frederick S. Bremer, Deputy Attys. Gen., Indianapolis, for appellant.

Craig Pinkus, Mitchell Hurst Pinkus, Jacobs & Dick, Indianapolis, for appellees.

Michael A. Bergin, Locke Reynolds Boyd & Weisell, Indianapolis, for brief of amicus curiae Ins. Institute of Indiana, Inc.

PIVARNIK, Justice.

This cause comes to us on a civil petition to transfer from the Second District Court of Appeals. This is the second time this cause has been decided by the Court of Appeals and the second time transfer has been sought to this Court.

The facts show Ritchie Mayberry, age seventeen (17) months, was struck by an automobile on May 18, 1981. He was taken to Winona Memorial Hospital where he was examined by Dr. Wheeler and released. Dr. Wheeler examined Ritchie, inspected the X-rays taken, and informed Ritchie's parents that Richie was fine. The following morning, Ritchie was found unconscious and his parents rushed him to Methodist Hospital where he soon died as a result of internal bleeding caused by pelvic fractures sustained in the accident the previous day. These injuries were not detected during the examination at Winona Hospital.

The Mayberrys instituted a malpractice cause of action against Dr. Wheeler, Winona Memorial Hospital, and Midwest Medical Management, Inc. The parties eventually negotiated a settlement and the defendants paid the Mayberrys the sum of $132,612. Thereafter, the Mayberrys filed their petition for damages to be paid from the Patient's Compensation Fund pursuant to Ind.Code § 16–9.5–4–3 (Burns 1983 Repl.). Indiana Insurance Commissioner Don H. Miller was named as a defendant.

The trial court awarded the Mayberrys an additional $367,388 in compensatory damages but denied their request for punitive damages. Commissioner Miller appealed. The Court of Appeals reversed this award, finding the trial court improperly awarded damages for loss of love and affection, which, under Indiana law, are not compensable items in an action for the wrongful death of a minor child. The Court of Appeals remanded the cause to the trial court for reconsideration of damages. *Miller v. Mayberry* (1984), Ind.App., 462 N.E.2d 1316. The Mayberrys' Petition to Transfer to this Court was denied.

Upon remand, the trial court revised its findings but awarded the identical amount of damages, $367,388, to the Mayberrys. Commissioner Miller again appealed to the Court of Appeals, claiming the trial court had improperly assessed damages. The Court of Appeals again found that the trial court had improperly awarded the Mayberrys damages for loss of love and affection. The Court of Appeals found that, upon remand, the trial court simply deleted the findings which constituted the improper consideration of loss of love and affection, and, without additional findings, reassessed damages at the identical amount previously awarded. The Court of Appeals again reversed the trial court and remanded the cause for redetermination of damages in accordance with the pecuniary loss rule. *Miller v. Mayberry* (1986), Ind.App., 488 N.E.2d 1164.

Mayberrys' Petition to Transfer asks us to reverse the Court of Appeals and affirm the trial court's redetermination of damages. We now hold the pecuniary loss rule is the law in Indiana and agree with the conclusions of the Court of Appeals. We nevertheless feel the issue needs clarification by this Court and, accordingly, grant transfer and vacate the opinion of the Court of Appeals.

The pecuniary loss rule, as an element of damages for a parent suing for the injury or death of a minor child, was recognized by this Court from the time the right was first established by the Legislature. The rule is based on our interpretation of the

legislative enactments from the very first statute, 1 Ind.Rev.Stat. (1852), Ch. 88, approved on May 11, 1852, and has continued to be the law to this day. The Legislature has not changed its position on the pecuniary loss rule, even though it had full knowledge of this Court's interpretations of its enactments and in spite of the fact that efforts have been made to provide for a change in the measure of damages awarded to parents for the loss of a minor child.

At common law, a cause of action abated upon the death of a party. The first statutory modification of this rule, Ind.Revised Laws of 1824, had specific provisions dealing with the abatement of actions by death of a plaintiff (Ch. 74, § 52), or death of a defendant (Ch. 74, § 53), but allowed revival of actions by an administrator if the action was the kind which survived or could be brought initially by an administrator. In the Revised Laws of 1831 and Revised Statutes of 1838 and 1843, similar provisions for abatement and revival of actions upon the death of a plaintiff or a defendant were enacted, but those enactments likewise did not provide for a right of action for the wrongful death of another. Ind. Rev.Laws 1831, Ch. 78, §§ 53, 54, 55; Ind. Rev.Statute (1838) Ch. 81, §§ 54, 55; Ind. Rev.Stat. (1843) Ch. 40, §§ 72–100. The Legislature first authorized an action for wrongful death in 1852, following the adoption of our present Constitution in 1851. 1 Ind.Rev.Stat. (1852), Ch. 88. This act provided for a cause of action only against railroads. Thirty-eight days after that Act was adopted by the Legislature, on June 18, 1852, the Legislature adopted 2 Ind. Rev.Stat., Ch. 1, Art. 3, § 27, and Ch. 47, Art. 46, § 784. These acts provided for a wrongful death remedy of a more comprehensive nature, not just as against railroads. These early acts were the forerunners of our wrongful death act and death of a minor child act. In *Peru and Indianapolis Railroad v. Bradshaw* (1855) 6 Ind. 146, this Court held the general, more comprehensive acts repealed by implication the former one aimed only at railroads as defendants. *Id.* at 148.

The first time the issue of damages for the loss of a minor child was addressed by this Court was in *Ohio and Mississippi Railroad Company v. Tindall* (1859), 13 Ind. 366. A widowed mother of an unemancipated minor sought to recover damages for the loss of her son killed through negligence of the railroad. The child lived with and contributed his wages to the support of his mother. The trial court instructed the jury that in estimating damages, it might consider the actual pecuniary loss to the mother occasioned by the death of the son and servant, and also such other circumstances as have injuriously affected the mother in person and in peace of mind and in happiness. *Id.* at 370. The Court determined that damages were to be limited to only those losses on which there could be placed a pecuniary value. *Id.* The Court stated: "In a late case very similar to the one now before us, the authorities on this point are collected and reviewed, and the following rule deduced by the Supreme Court of Pennsylvania." *Id.* at 370. The Court then quoted with approval from *Pennsylvania Railroad Company v. Zebe*, 33 Pa.St. (9 Casey) 318:

> " 'From the authorities and reasons given, the jury, instead of the unrestrained license given them in the charge, in the assessment of damages, should have been instructed that if the plaintiffs were entitled to recover, it was for the damage done in producing the death of their son, and this was to be estimated by the pecuniary value to them of his services during his minority, together with expenses of care and attention to the deceased, arising out of injury, funeral expenses, and medical services, if any.' 'In making the estimate of the value of the life, and consequent damage by the death, much is still left to the sound discretion of the jury. Whatever is susceptible of pecuniary estimate, is included within it, and what we have seen was not to be included must be excluded.' "

*Tindall* at 370. The Court also adopted with approval the conclusion of the Pennsylvania Court in speaking of damages for mental anguish: "No money could be the

measure of the affliction." *Tindall, supra* at 370, *citing Zebe, supra.*

In *Mayhew v. Burns* (1885), 103 Ind. 328, 2 N.E. 793, this Court found the two statutes under consideration here, introduced into our system principles wholly foreign and unknown to the common law. *Id.* at 335, 2 N.E. at 797. § 27 of the Code of 1852; currently Ind.Code § 34-1-1-8 (Burns 1975), was interpreted to create an independent cause of action personal to the parent upon the continued existence of the parent and child relationship. *Id.* at 333, 2 N.E. at 795. The recovery was seen to extend to the loss of services the parent might have expected from the child during his or her minority and until the child became emancipated. *Id.* Before *Mayhew,* the parent's right to recovery ceased at the death of a child. In regard to damages to be assessed under § 27, the court stated:

> "Under the first section, the damages recoverable are arrived at from a consideration of the probable value of the child's services from the time of the injury until it would have attained its majority, taken in connection with its expectancy and prospects in life, less the probable cost of support and maintenance; added to this the expenses of care, attention, et cetera, made necessary by the injury,...."

*Mayhew* at 335, 2 N.E. at 797.

This position was reaffirmed in *Louisville, New Albany, and Chicago Railroad Company v. Goodykoontz* (1889), 119 Ind. 111, 21 N.E. 472, where this court again stated the theory of recovery was for the parent's loss of the minor child's services. The Court reasoned:

> "Damages cannot be recovered for the death of a human being, except by, or for the benefit of, those who are supposed to have sustained a sensible and appreciable pecunniary loss therefrom. Pecuniary loss, not to the estate of the deceased person, but to those who had a reasonable expectation of pecuniary benefit, as of right or of duty or from a recognized sense of obligation from the continuance of the life, is the foundation of the action. (Citations omitted). It is the injury

to the survivors entitled to sue, and not the value of the life lost, that forms the basis of the damages."

*Goodykoontz* at 113–14, 21 N.E. at 472.

A further explanation and confirmation of the pecuniary rule was stated by this Court in *Louisville, New Albany, and Chicago Railway Co. v. Rush* (1890), 127 Ind. 545, 26 N.E.2d 1010, wherein this Court approved instructions telling the jury that damages were limited to the pecuniary loss of the minor child's services. *Id.* at 548, 26 N.E. at 1011. The jury was not to consider acts of affection simply, and loss of companionship, and was expressly prohibited from considering mere acts of affection, companionship, happiness, comfort and society of the child, of which the plaintiff had been deprived by the loss of the child. *Id.* The instruction went on to state that the jury could consider "the pecuniary value of all acts of kindness and attention which might reasonably be anticipated that she would have performed for the plaintiff and his family until her majority that would administer to their comfort as well as to their necessity." *Id.* The Court approved of this language by rationalizing in the following manner:

> "Under these instructions all that the words 'pecuniary value of acts of kindness and attention' could be understood to apply to, are such acts of kindness and attention as it would be expected a child would render to the members of the appellee's family which would be of some pecuniary value. The nursing of sick members of the family, and other favors and acts rendered, attending to the other children, all may be said to be acts of kindness and attention which are reasonably expected to be performed by a daughter while a member of the family, and they are of value to the father, for, if not performed by her, other help must necessarily be provided to perform them. There is no error in giving this instruction."

*Id.* at 549, 26 N.E. at 1011. The fact that recovery for the death of a minor child is limited to pecuniary loss only, was reaffirmed in *Thompson v. Town of Fort Branch* (1931), 204 Ind. 152, 178 N.E. 440;

and *Hahn v. Moore* (1956), 127 Ind.App. 149, 133 N.E.2d 900, *reh. denied,* 127 Ind. App. 149, 134 N.E.2d 705.

As we have demonstrated, the pecuniary loss rule is based on this Court's interpretation of the Legislature's enactments since at least 1852 to the present time. We must presume the Legislature has been aware of our construction of its enactments all of this time. The Legislature has the power to change the rule if it disagrees with the Court's constructions of its legislative enactments or feels that there is a need to change that rule based on the needs or requirements of society.

The trial court acknowledged in its opinion on redetermination of damages that there were many proposals before the Legislature to provide for a change in the wrongful death statutes. These proposals would allow parents to recover for the mental anguish and loss of a child's love and affection, as well as for the loss of mutual society and companionship with a child. None of these proposals have been successful. Amicus points out that in the last few years the following amendments to the wrongful death acts have been proposed, but not adopted: 1979 H.B. 1160; 1980 H.B. 1110; 1981 H.B. 1218; 1982 H.B. 1264, S.B. 404; 1983 H.B. 1226, S.B. 51 and S.B. 315; 1984 S.B. 20, S.B. 84, H.B. 1226, H.B. 1316; and 1985 S.B. 4 and S.B. 8.

The Court of Appeals found that, upon remand, the trial court simply deleted the findings which the Court of Appeals found constituted improper consideration of loss of love and affection, and, without any additional findings, reassessed the damages at the identical amount previously awarded. The Court of Appeals was led to the inescapable conclusion that the trial court once again improperly awarded damages for loss of love and affection. Our examination of the judgment of the trial court on remand leads us to the same conclusion. We, however, do not agree with the Court of Appeals, nor the petitioner here, that, "If the pecuniary loss rule concerning the measure of damages in an action for a wrongful death of a minor child is to be changed, that change must come from our Supreme Court." We hold the change must come from the Legislature.

Plaintiffs urge that over time, the values of the people of this State have changed, and in recognition of this, the Supreme Court should summarily change the law to reflect this attitude. Though it may be tempting for courts to so act, and at times, depending on the circumstances, may even appear heroic, we must keep in mind the constitutional provision for the separation of powers, duties, and responsibilities of the respective governmental branches. It is the duty of the courts to adjudicate existing controversies between specific parties by interpreting the law including, of course, the enactments of the Legislature. Indiana's Constitution places within the jurisdiction of the Legislature the lawmaking function, which includes the policy judgments on what the law ought to be, based upon a determination of the social issues, concerns, and necessities of our society. As we have demonstrated, the pecuniary loss rule is based on our analysis of the Legislature's intent. This Court is bound to enforce the intention of the Legislature. It is a fundamental rule of statutory construction that the failure of the Legislature to change a statute after a line of decisions of a court of last resort giving the statute a certain construction, amounts to an acquiescence by the Legislature in the construction given by the court, and that such construction should not then be disregarded or lightly treated. *Heffner v. White* (1943), 221 Ind. 315, 318, 47 N.E.2d 964, 965. See also: *Baker v. Compton* (1965), 247 Ind. 39, 211 N.E.2d 162; *Thompson v. Mossburg* (1923), 193 Ind. 566, 139 N.E. 307; *Department of Revenue v. United States Steel Corp.* (1981), Ind.App., 425 N.E.2d 659; *Terre Haute Savings Bank v. Indiana State Bank* (1978), 177 Ind.App. 690, 380 N.E.2d 1288; *Economy Oil Corp. v. Indiana Department of State Revenue* (1974), 162 Ind. App. 658, 321 N.E.2d 215; *C. & G. Potts & Co. v. Fortney* (1946), 117 Ind.App. 195, 69 N.E.2d 752.

It is unnecessary for us to reach other issues raised in this appeal in view of our disposition.

The trial court is reversed and this cause is remanded to the trial court for another determination of damages in accordance with the pecuniary loss rule.

SHEPARD, C.J., concurs in result with separate opinion.

GIVAN, and DeBRULER, JJ., concur.

DICKSON, J., not participating.

SHEPARD, Chief Justice, concurring in result.

While I agree that the pecuniary damage rule is the law of the case in this litigation and that it has been the long-standing interpretation given Ind.Code § 34–1–1–8 by this Court, I do not believe that the separation of powers prohibits the judicial department from altering its view on the meaning of the statute. While there are many reasons why one might decline to cast aside an interpretation adopted long ago, that interpretation is still simply a matter of judicial construction. Judges should regard themselves as responsible for rules they have erected.