**Don H. MILLER, Indiana Insurance Commissioner, Appellant (Defendant Below),**

v.

**Richard Eugene MAYBERRY and Doris Mayberry, Individually and as Personal Representatives of the Estate of Richard Eugene Mayberry, II, Appellees (Claimant Below).**

No. 06S01–8911–CV–878.

Supreme Court of Indiana.

Nov. 29, 1989.

Linley E. Pearson, Atty. Gen., Alfred K.B. Tsang, Deputy Atty. Gen., Indianapolis, for appellant.

William W. Hurst, Mitchell, Hurst, Jacobs & Dick, Indianapolis, Craig E. Pinkus, Dutton & Overman, Indianapolis, for appellees.

ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

This cause of action, seeking recovery from the Indiana Patient's Compensation Fund, is before this Court for the third time. To assure that this appeal is the last appeal, we grant transfer and order a final disposition.

Nearly nine years ago, 17–month-old Richard Eugene Mayberry, II, died from injuries suffered in an automobile crash. Richard's parents and his estate filed a malpractice action against the attending physician, Dr. Michael Wheeler, Winona Memorial Hospital, and Midwest Medical Management, Inc. They settled that action for $132,612. They then commenced this action for recovery from the Patient's Compensation Fund, in accordance with Ind. Code § 16–9.5–4–3 (Burns 1983 Repl.), naming Indiana Insurance Commissioner Don H. Miller.

In February 1983, Judge Michael T. Dugan of the Marion Superior Court entered a judgment for $367,388, a number apparently chosen to bring the total recovery to half a million dollars. He entered findings concerning loss of services, damages to the mental well-being of the parents, and loss of love and affection. The Court of Appeals reversed, holding that Judge Dugan had adopted the wrong standard for compensation. It remanded for a hearing to determine the amount of damages under the pecuniary loss rule. *Miller v. Mayberry* (1984), Ind.App., 462 N.E.2d 1316.[1]

When the case was remanded to Judge Dugan, he deleted all findings relating to loss of love and affection. He issued a new judgment for the exact same amount, $367,388. On the second appeal of this case, the Court of Appeals reversed again, concluding that Judge Dugan had refused to apply the proper measure of damages. *Miller v. Mayberry*, 488 N.E.2d 1164 (Ind. App.1986). This Court agreed. We granted transfer and remanded "for another determination of damages in accordance with the pecuniary loss rule." *Miller v. Mayberry* (1987), Ind., 506 N.E.2d 7, 12.

On its third trip to the trial court, the cause was venued to the Boone Circuit Court. Judge Ronald Drury heard the question of compensation on the merits. He adopted the same findings of fact concerning loss of love and affection entered by Judge Dugan in 1983 and rendered a judgment for $367,388.

On appeal the third time, the Court of Appeals concluded that Judge Drury had "blatantly disregarded" the decision of this Court pursuant to which the cause had been remanded. It reversed the judgment of the Boone Circuit Court and remanded for a third trial. *Miller v. Mayberry*, No. 6A01–8806–CV–179, slip op. at 5, 533 N.E.2d 624 (Table) (Ind.App., Dec. 20, 1988).

Both parties have petitioned this Court for transfer. We grant the Insurance Commissioner's petition and deny the Mayberrys' petition.

Concerned about the potential for a fourth trial court proceeding and a fourth appeal, this Court ordered a limited remand in which we directed Judge Drury to enter special findings demonstrating how the determination of damages was made in accordance with the pecuniary loss rule. We directed him to specify the amount of damages attributable to losses "such as funeral and medical expenses, costs and expenses of administration, including attorney fees, and any other specific pecuniary damages."

Judge Drury responded that there was no evidence concerning any damages falling under the pecuniary loss rule. He indicated that, notwithstanding the mandate of this Court, he had been persuaded by the Mayberrys that a judgment for loss of love and affection might be entered in this case. Finally, he determined that "the amount of specific pecuniary damages proved by the Mayberrys over and beyond the settlement they have received in the case is $0.00."

■ When this case was before us the last time, this author suggested that the long-standing judicial interpretation of Ind.

---

1. Sixty years ago, this Court described the standard as "the value of the child's services from the time of death until he would have attained his majority, taken in connection with his prospects in life, less the cost of his support and maintenance during that period, including such as board, clothing, schooling and medical attention." *Thompson v. Town of Fort Branch* (1931) 204 Ind. 152, 154, 178 N.E. 440, 444 (quoting *City of Elwood v. Addison* (1901), 26 Ind.App. 28, 59 N.E. 47). The General Assembly has since amended Ind.Code § 34–1–1–8 to provide that parents may seek compensation for loss of love and companionship of a child. This provision applies to actions accruing after May 8, 1987. Pub.L. No. 306, 1987 Ind.Acts 2990.

Code § 34–1–1–8 might be reexamined. *Miller,* 506 N.E.2d at 12 (Shepard, C.J., concurring in result). The four participating members of the Court were unanimous, however, in holding that *this* litigation should be resolved according to the pecuniary loss rule.

The Court of Appeals was correct that the rule of this case is the pecuniary damage rule. We adopt and affirm their conclusions in that regard. Appellate Rule 11(B)(3), Ind. Rules of Procedure.

■ Our rules favor final disposition of a case on appeal under certain circumstances. Appellate Rule 15(N), Ind. Rules of Procedure, provides in pertinent part:

> The Court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper....

The rule reflects a policy that a reviewing court should direct a final judgment on a pure question of law or a mixed question of law and fact, but should refer cases involving resolution of disputed material facts back to the trial court for a hearing on the evidence. *B & R Farm Services v. Farm Bureau Mutual Insurance* (1985), Ind., 483 N.E.2d 1076.

Judge Drury's response to this Court's remand makes it clear that there are no further disputes about material facts in this case; the evidence is that there are no losses over and above the $132,612 settlement that qualify under the pecuniary loss rule. Accordingly, the Insurance Commissioner is entitled to a judgment as a matter of law.

We reverse the judgment of the trial court and order the trial court to enter judgment for the defendant Commissioner.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., not participating.